GREEN VS. THE STATE.

*December 18, 1882 — January 9, 1883.*

*Highway proceedings: What is personal service?*

Where the notice by the supervisors of the time and place of meeting to decide upon the application for the laying out of a highway is served upon the occupants of the land through which such high-way passes by reading such notice to them, the same is *served personally,* within the meaning of sec. 1267, R. S.

ERROR to the Circuit Court for *Racine* County.

The plaintiff in error was convicted of an assault and battery. The facts sufficiently appear from the opinion.

For the plaintiff in error there was a brief by *Samuel & A. S. Ritchie* and *Jos. V. Quarles,* and oral argument by *Mr. A. S. Ritchie:*

What is personal service? See sec. 2820, R. S.; *Moyer v. Cook,* 12 Wis., 335; Wade on Notice, 570, secs. 1341–2. This notice is in the nature of a process and the proceeding is an exercise of the right of eminent domain, and the provisions of the statute must be strictly complied with. *Austin v. Allen,* 6 Wis., 134; *Babb v. Carver,* 7 id., 124; *Roehrborn v. Schmidt,* 16 id., 519; *State v. Langer,* 29 id., 69–74; *People ex rel. Goldsmith v. Highway Commissioners,* 14 Mich., 528; *Dupont v. Highway Commissioners,* 28 id., 362; *People ex rel. Crandall v. Supervisors,* 36 How. Pr., 544; *People ex rel. Willis v. Smith,* 14 N. Y. Sup. Ct., 17. A notice in writing

can only be served by delivery of a copy. *Hart v. Gray,* 3 Sumn., 339; *Fitts v. Whitney,* 32 Vt., 589.

*The Attorney General,* for the state, cited: *Inhabitants of Rutland v. Commissioners,* 20 Pick., 71; *Pursley v. Hayes,* 22 Iowa, 11, 28; *Hildreth v. Lowell,* 11 Gray, 345.

CASSODAY, J. The plaintiff in error justifies the alleged assault and battery on the ground that the person upon whom it was committed was at the time trespassing upon the premises of his wife, and that the *locus in quo* was not a legally laid out highway, as claimed upon the part of the state. The plaintiff in error requested the court, in effect, to so charge the jury; and for a refusal error is assigned. The only defect claimed in laying out the highway is the alleged failure to properly serve the notice of the time and place of meeting to decide upon the application for laying out the same. It appears that the service was by reading the notice to the plaintiff in error and his wife (who was the owner of the land), and to each of them, at their residence, which was upon the land, and by posting up a copy of the same in three of the most public places in the town.

It is urged that a copy of such notice should also have been left with them, and because it was not it is claimed that the supervisors got no jurisdiction. The statute requires the supervisors to make out the requisite notice fixing the time and place of meeting to decide upon the application, and then requires the applicants, at least five days previous to such time, to cause such notice to be given to all the occupants of the lands through which such highway may pass, and then prescribes the manner of serving the notice upon such occupants by declaring: " Which notice shall be served personally, or by copy left with or at the usual place of abode of each occupant of such lands." Sec. 1267, R. S. This clause provides three methods of serving the notice upon the occupants: (1) It may be *personally served;* or (2)

Green vs. The State.

it may be served by *copy left with* the occupant; or (3) it may be served by a copy left *at the usual place of abode* of the occupant. If the notice cannot " be personally served," except by leaving a copy thereof with the occupant, as contended by counsel, then the first method prescribed is the same as the second, and hence without any significance and might be rejected. Of course, leaving a copy with the occupant would be personal service, as ordinarily understood, but it is not the only method of personal service. Here the legislature have expressly prescribed this method in addition to personal service, and have, therefore, pretty clearly shown that by declaring that the notice may be personally served, they meant to include something other and different than leaving a copy with the occupant. Such being the legislative intent, we are to determine whether such other and different method includes reading such notice to the occupant.

In the late Dictionary of English Law, by Sweet, it is said: " In procedure, service is the operation of bringing the contents or effect of a document to the knowledge of the persons concerned." Burrill says: In practice, service is " judicial delivery or *communication* of papers; execution of process." One method of serving personally, as' stated in Wade on Notice, cited by counsel for the plaintiff in error, " is by reading the notice to the person served." Sec. 1339. We must therefore hold that where the notice by the supervisors of the time and place of meeting and deciding upon the application for the laying out of a highway is served upon the occupants of the land through which such highway passes by reading such notice to the persons served, the same is served personally, within the meaning of sec. 1267, R. S. The case is, in our opinion, clearly distinguishable from that class of cases cited by counsel, which were decided under statutes requiring notice to be given in writing, but without prescribing different modes of service in the language here employed.

*By the Court.*—The judgment of the circuit court is affirmed.