State ex rel. The Supervisors of the Town of Iola vs. Nelson.

STATE ex rel. THE SUPERVISORS OF THE TOWN OF IOLA vs. NELSON.

*February 1 — February 20, 1883.*

HIGHWAY PROCEEDINGS. *(1) Petition construed: qualifications of petitioners. (2, 3) Notice of meeting held sufficient as to time, place and description of land. (4) Upon whom notice to be served. (5) Proof of posting. (6) Notice of appointment of commissioners: misnomer. (7) Proof of official character of supervisors. (8) Appointment of petitioner as commissioner: waiver. (9) Failure to file decision.*

1. The description of the petitioners, in a petition for the alteration of a highway in a town, as "freeholders residing in said town," must be construed to mean "residents of the town, having a freehold

State ex rel. The Supervisors of the Town of Iola vs. Nelson.

estate therein." *Damp v. Town of Dane,* 29 Wis.,419; R. S., sec. 1265. If this were not sufficient. to show *prima facie* that the petitioners were qualified, the fact that the supervisors acted upon the petition and disposed of it on its merits is sufficient to cast the burden of showing the disqualification upon the party asserting it.

2. A notice of the meeting of the supervisors to decide upon such a petition, stating that the petition was made June 13, 1881, and appointing "Tuesday, the 28th day of June, at one o'clock P. M., at the house of N. C. Nelson," as the time and place of meeting, but not specifying the year in which such meeting would be held, nor stating affirmatively that such place was within the town, is *held* to be sufficient.

3. Though such notice does not specify the tracts of land to be affected by the proposed alteration by an express enumeration of the government subdivisions, yet if it defines the proposed line of the highway by course and by reference to the lines of such subdivisions, so that there is no difficulty in ascertaining therefrom the tracts to be affected, it is a substantial compliance with sec. 1267, R. S.

4. Where the owners or occupants of. the lands to be affected by a proposed alteration in a highway are the petitioners for such alteration, notice of the meeting to decide upon the petition need not be served upon them.

5. Where the supervisors have considered and passed upon such a petition upon its merits, it will be presumed that they were satisfied, either by affidavit *or otherwise,* that the notices of their meeting were duly posted. Sec. 1268, R. S.

6. The notice of the time and place for appointing commissioners on appeal from the decision of supervisors refusing to alter a highway was referred to as a "notice of appeal" in the proof of service annexed thereto. *Held,* that there was no misnomer of the notice.

7. The fact that the persons upon whom such notice was served were two of the persons who, as supervisors, signed the order refusing to alter the highway, sufficiently shows their official character.

8. The appointment of one of the petitioners for the alteration of the highway as one of the commissioners on the appeal, is a mere irregularity, and may be waived by a failure to object to his competency at the time of appointment.

9. A failure of the commissioners on the appeal.to file their decision within the time prescribed by secs. 1279, 1280, R. S., does not invalidate such decision.

State ex rel. The Supervisors of the Town of Iola vs. Nelson.

APPEAL from the Circuit Court for *Waupaca* County.

A petition was presented to the board of supervisors of Iola to alter a highway in that town. The board met at the time and place appointed for the purpose of deciding the application, and denied it. The present appellant, *Nels C. Nelson*, thereupon took an appeal from such determination, and such proceedings were had therein that commissioners were appointed to review the action of the supervisors. The commissioners reversed the order of the supervisors refusing to make the alterations prayed for. Thereupon the supervisors sued out of the circuit court a writ of *certiorari* to obtain a review of the determination of the commissioners. The circuit court held that such determination was erroneous and void in law, and gave judgment reversing and annulling the same, with costs against said *Nelson*. From the judgment of the circuit court *Nelson* has appealed to this court.

[The notice of the meeting of the town board was as follows: " Notice is hereby given that an application having been made on the 13th day of June, 1881, to the undersigned supervisors of the town of Iola, in the county of Waupaca, by six freeholders of said town, for a highway to be discontinued and one to be laid out instead, described as follows: The one to be discontinued commencing at a point about twenty rods east of the southwest corner of the northwest quarter ($\frac{1}{4}$) of the northeast quarter ($\frac{1}{4}$) of section thirty-two (32); running thence in a southeasterly direction to a point near the center of the northeast quarter ($\frac{1}{4}$) of the southeast quarter ($\frac{1}{4}$) of section thirty-two (32); and to lay out a highway commencing at or near the northeast corner of the southeast quarter ($\frac{1}{4}$) of the northeast quarter ($\frac{1}{4}$) of section thirty-two (32), running thence south on the section line, or as near as practicable, until it crosses the creek; thence in a southwesterly direction to a point near the center of the northeast quarter ($\frac{1}{4}$) of the southeast quarter ($\frac{1}{4}$) of section thirty-two (32) in town twenty-four (24), range eleven (11); the said supervisors

will meet on Tuesday, the 28th day of June, at one o'clock P. M., at the house of N. C. Nelson, to examine personally such highway and to decide upon such application."

The affidavit of the service of such notice was made December 1, 1881, and stated that the affiant, on the 21st day of June, 1881, " did personally serve a copy of the notice hereunto attached upon Hans Howell, the occupant of the land described in the notice, and upon Aoval Pederson, the occupant of land described in the notice hereunto attached, being lands through which the highway may pass, by repeating to them the substance of said notice and explaining to them the meaning of said notice and the time and place of meeting of the supervisors."

The affidavit of posting, also made on December 1, 1881, stated that the affiant " did on the 14th day of June, 1881, post up three notices, to one of which this affidavit is hereunto attached, as follows: One at Omit, Besttoles & Weinman's blacksmith shop, one on a tree near Christian Anderson's, on the public highway, and one near where the road mentioned in said notice was to be examined by the supervisors, being three public places in said town."]

For the appellant there was a brief by *John F. Dufur*, with *E. L. Browne*, of counsel, and oral argument by *Mr. Browne*.

For the respondent there was a brief by *Myron Reed*, and oral argument by *Mr. C. N. Gregory*. They argued, *inter alia*, that the proof of service of the notice was defective in not stating that Howell and Pederson were all the occupants of the lands through which the road was to pass and of the lands through which the highway to be discontinued passed. 6 Wis., 134; *Roehrborn v. Schmidt*, 16 Wis., 519. The service was not personal or by copy, as the statute directs. R. S., sec. 1267; 6 Wis., 134; 12 id., 335; *Green v. State*, 56 id., 583; *Maher v. Bull*, 26 Ill., 348. The affidavit of posting does not show in what town the notices were posted.

Reference to the notice itself does not help the defect. Nor does it appear that the other two notices posted were copies of that to which the affidavit was attached.

LYON, J. We quite agree with the learned counsel for the respondents that the statutes relating to the laying out of highways must be construed with reasonable strictness, and that, on *certiorari* to officers or tribunals not judicial, the courts will review and correct substantial errors in the proceedings, which do not go to the jurisdiction of such officers or tribunals. We further agree that if the supervisors had not jurisdiction to make the order refusing to alter the highway in question, the court properly reversed the determination of the commissioners, although no error or irregularity intervened after the supervisors' order was made. It was so held in *Williams v. Mitchell*, 49 Wis., 284. Add to these one other rule, equally as well settled, to wit, that error is never presumed, but must be made to appear affirmatively before the courts can take cognizance of it, and we are ready to consider the specific grounds upon which it is claimed the proceedings of the supervisors and commissioners were inoperative and void.

1. The petition for the alteration of the highway in question bears the signatures of fourteen persons, who describe themselves therein as " freeholders residing in said town," and is addressed to the board of supervisors of the town of Iola, Waupaca county. Thus they describe themselves in the very language of the statute prescribing the qualifications of petitioners. R. S., 400, sec. 1265. On the authority of *Damp v. Town of Dane*, 29 Wis., 419, these words in the statute must be construed to mean " residents of the town, having a freehold estate therein." Such being the meaning of the words as used in the statute, the same words employed in the petition must be held to have the same signification. If this were not sufficient to show *prima facie* that

the petitioners were qualified, the fact that the supervisors, who presumably knew whether they were or not, acted upon the petition and disposed of it on the merits, is sufficient to cast the burden of showing the disqualification of the petitioners upon the party who asserts it. Nothing of the kind has been attempted.

It is further objected that the petition fails to show that the highway proposed to be altered is in the town of Iola. We think the objection is unfounded in fact.

2. It is further objected that the notice of the meeting of the supervisors is fatally defective in that it does not specify the year in which the meeting would be held, or that the place appointed therefor — the house of *N. C. Nelson* — was in the town of Iola. The notice states that the petition was made June 13, 1881, and appointed "Tuesday, the 28th day of June, at one o'clock P. M.," as the time of meeting. Inasmuch as the 28th of June, 1881, occurred on Tuesday, and will not again fall on that day of the week for several years, and inasmuch as the term of office of the supervisors, who were to act pursuant to the notice, would expire before another June, we are inclined to think that a person of moderate sagacity would have no difficulty in learning from the notice that the proposed meeting was to be held in June, 1881. Neither do we think any one could be misled to his injury by the omission to state affirmatively that the residence of *N. C. Nelson* was in the town of Iola. Presumably the place of meeting was within the jurisdiction of the supervisors.

It is further claimed that the notice does not specify the several tracts of land to be affected by the proposed alteration, as required by the statute. R. S., sec. 1267. True, it does not do so by express enumeration of government subdivisions, but it defines the proposed line by course, and by reference to the lines of such subdivisions, so that there is no difficulty in ascertaining from the notice what tracts will be

affected by the proposed alteration, if made.  We think this a substantial and reasonable compliance with the statute. Surely a petition for the laying out of a highway from the south quarter-post of a given section on the quarter line to the north quarter-post thereof, indicates unmistakably that the highway will be upon the eight forty-acre lots which abut said quarter-section line, and it would be mere surplusage to enumerate those lots.

3.  Defective service of the notice was made upon two owners or occupants of lands affected by the proposed alteration. It does not appear that any such lands were owned by any other persons.  Presumably they were not.  These two persons were petitioners for such alteration.  The statute provides that the applicants shall cause such notice to be served on the owners or occupants of such lands.  Sec. 1267, R. S. This clearly excludes the idea that the notice must be served on the applicants if they happen to be such owners or occupants.  Having, by their petition, set in motion the legal machinery for laying out or altering the highway, and having thereby conclusively consented thereto, notice of the subsequent proceedings is of no value to them.  It is their duty to give notice to those entitled to it.  They are in no position to demand that they be served with such notice.

As to the posting of the notices required by sec. 1267. Presumably the supervisors were satisfied that they were duly posted, either by affidavit *or otherwise* (sec. 1268), else they would not have considered and passed upon the petition on the merits as they did.  However, an affidavit of the appellant was filed some time afterwards, which (although criticised by counsel) we think shows affirmatively that the statute was substantially complied with in that particular.

4.  It is assigned as error in the proceedings that there is no sufficient evidence of proper service upon the supervisors of notice of the time and place commissioners on the appeal would be appointed.  The appeal proceedings were had

before the county judge pursuant to sec. 1276, R. S., and that officer issued the notice required by sec. 1277. The record contains an affidavit of due service of the notice upon one supervisor, and an admission of service by another supervisor of Iola, indorsed upon the notice. In the affidavit and admission, the paper served is called a notice of appeal, but it satisfactorily appears that it was the notice of the time and place of appointing commissioners. We do not think there was any misnomer of the notice served. It is said there is no proof that the persons thus served were supervisors of Iola; but they are two of the persons who, as such supervisors, signed the order refusing to make the proposed alteration of the highway. This sufficiently shows the official character of the persons served.

5. The supervisors did not appear when the commissioners were selected, and the selection was made as required by sec. 1279, R. S. It happened that one of the three commissioners thus selected was one of the petitioners for the alteration of the highway. It is settled that he was not disinterested, within the meaning of the statute, and was, therefore, not qualified to act as a commissioner. *Williams v. Mitchell*, 49 Wis., 284. It does not appear that any objection was made to his competency before the county judge. Because there was no objection thereto, such selection did not invalidate the proceedings. It was a mere irregularity which could be waived, and was waived by the failure of the supervisors, or any one interested, to make objection to his competency to the county judge. This was expressly ruled in *Brock v. Hishen*, 40 Wis., 674, and reaffirmed in *Williams v. Mitchell, supra*. Nothing need be added to what is said on the subject in those cases, except, perhaps, the remark that even if objection in such case be taken in due time, it will not invalidate the proceedings of the commissioners when attacked collaterally. Here those proceedings are directly attacked, and the doctrine of *Williams v. Mitchell* is that

State ex rel. The Supervisors of the Town of Iola vs. Nelson.

had due objection been made in time and overruled, it would have been fatal to the order of the commissioners.

6. The statute (secs. 1279 and 1280) requires the decision of the commissioners on the appeal to be filed with the proper town clerk within twenty days after the date of the warrant provided for in sec. 1279. In the present case the warrant is dated July 21, 1881, and such decision was filed August 13, 1881, the intervening time being more than twenty days. It is argued that the failure to file the decision within the prescribed time rendered the same null and void. We do not concur in this proposition. Sec. 1269 provides that an order of the supervisors laying out, altering, or discontinuing a highway shall be filed in the town clerk's office within ten days after the day fixed in their notice or by adjournment for deciding upon the application therefor, and that a failure to file the order within the prescribed time shall be taken as a refusal of the application. But we find no such provision relating to a failure to file the decision of the commissioners within the twenty days. The legislature having specially determined the effect of failure in the one case and not in the other, impels us to the conclusion that it was not intended that the same result should follow failure in both cases. We adopt what seems to us the better rule, that the failure to file the decision within the prescribed time does not invalidate the decision. Failing to file their decision, the commissioners may be compelled by *mandamus* to do so after the specified time for filing it has expired.

We observe no other alleged error in the highway proceedings which it is deemed necessary to discuss. We conclude that the decision of the commissioners is valid and binding, and ought to be affirmed.

*By the Court.*— The judgment of the circuit court is reversed, with direction to that court to affirm such decision.