THE STATE EX REL. THE MILWAUKEE, LAKE SHORE & WEST-
ERN RAILWAY COMPANY, Appellant, vs. O'CONNOR,
Town Clerk, Respondent.

*November 26 — December 16, 1890.*

HIGHWAYS. *(1) Petition: Description of proposed route. (2) Notice of
meeting: Specifying tracts. (3) Extension of street already a high-
way. (4) " Occupant" of depot grounds: Service of notice. (5) Order
including lands not in petition: Dedication: Acceptance.*

1. A petition for the laying out of a highway sufficiently describes such
   highway if it can be located therefrom with certainty and without
   difficulty.

2. Under sec. 1267, R. S. (requiring the notice of the meeting of the
   supervisors to specify the several tracts through which the proposed
   highway may pass), if the only tract included in the proposed high-
   way is a part of railway depot grounds, a notice so describing it, and
   specifying the government subdivisions of which it is a part, is suf-
   ficient.

3. The petition being for an extension of a street already presumably a
   public highway, a request that the street itself as well as the exten-
   sion be declared a public highway is nugatory, and the tracts of
   land abutting such street need not be specified, nor the notice of the
   supervisors' meeting be served upon the occupants thereof.

4. The station agent of a railway company at the depot on the grounds
   through which a highway is proposed to be laid, is the occupant of
   such grounds, within the meaning of sec. 1267, R. S., upon whom

notice of the supervisors' meeting may be served; and service upon such agent is also valid if it would be valid were it a summons in an action against the railway company.

5. The order laying out a highway extended the line thereof about twenty rods beyond what was called for in the petition. This was done at the request of the owner of the land over which the highway was so extended, who released all claim for damages. *Held*, that this did not invalidate the order, being in effect merely an acceptance of a right of way dedicated by the owner.

APPEAL from the Circuit Court for *Oneida* County.

Upon the petition of more than six resident freeholders of the town and village of Eagle River in Oneida county, and certain proceedings subsequent thereto, the supervisors of that town made an order, which was duly recorded, attempting to lay out and establish a public highway across the right of way of the *Milwaukee, Lake Shore & Western Railway Company*, in said village, which is a part of said town and subject to the jurisdiction of such supervisors. The *Milwaukee, Lake Shore & Western Railway Company* sued out a writ of *certiorari* to remove such proceedings and order into the circuit court for review. That court gave judgment affirming the order of the supervisors, and the railway company appeals from such judgment.

The description of the proposed highway in the petition is as follows: "Through, over, and across the piece or strip of land lying partly on the northeast quarter of the northwest quarter of section number thirty-three (33), and partly on lot number six (6), in section number twenty-eight (28), all in township forty (40), range ten (10) east, and being that part of the right of way of the Milwaukee, Lake Shore & Western Railroad, and at the point where the said right of way intersects a continuous line of Division street in said village, as said street is laid down in the recorded plats of Ann O'Connor's and Cook and Tambling's additions to the village of Eagle River, and to declare the same and said Division street to be a public highway." On presentation

of the petition, the supervisors issued a notice appointing a time and place when and where they would meet and decide upon the application of the petitioners. The notice described the proposed highway substantially as the same is described in the petition. This notice was duly posted as required by statute, and was served on the station agent of the railway company in such village. None of the general officers of the company resided in Oneida county.

The highway was laid to a point about twenty rods west of the point designated in the petition as its terminus, but that was done at the request of the owner of the land over which the highway was thus extended, who released all claim for damages by reason of the extension and laying thereof. The supervisors assessed damages to the railway company for its land taken for the highway.

The description of the highway in the order laying out the same is as follows: "Commencing at an iron stake on section line between sections 33 and 28, town 40, range 10 east, said stake being in the center of Railroad and Division streets, according to the recorded plat of the northeast quarter of the northwest quarter of section thirty-three (33), town forty (40), range ten (10) east; thence south, 86° 30' west, 33 feet to east side of right of way of the Milwaukee, Lake Shore & Western Railroad set post, at 183 feet west side of railroad right of way set post, at 490 feet to the one-eighth line between northwest corner of section 33 and the north quarter post of section 33 on section line, and set post. The same being an accurate survey of said highway caused by us to be made, the line of said survey is the center of said highway, and the same is laid out to the width of sixty (60) feet, and that said Division street be and the same hereby is declared to be a public highway."

The above facts appear in the affidavit for the writ of certiorari, and in the return of the town clerk to the writ.

For the appellant there was a brief by *Alfred L. Cary* and *Bradley G. Schley*, and oral argument by *Mr. Schley*. *Levi J. Billings*, for the respondent.

LYON, J. The validity of the petition or application for the highway, of the notice of the meeting of the supervisors to decide upon the same, of the service of such notice, and of the order laying out the highway, is challenged by the learned counsel for the railway company, the appellant, on various grounds.

1. It is claimed that the description of the proposed highway in the petition is insufficient. We think otherwise. It may readily be ascertained therefrom, and from the references therein to the recorded plats of additions to the village of Eagle River, that it calls for an extension of Division street in that village across the right of way of the railway company. But it is said the petition designates the extension as a *point*, and, because a point has neither length nor breadth, no line of any proposed highway is described therein. It is true in mathematics that a point has no magnitude, but in common parlance it sometimes has. A city is often spoken of (perhaps inaccurately) as a commercial point, a manufacturing point, or as a point on a given line of travel.

It is also claimed that the petition is defective because it fails to specify the width, length, and direction of the proposed highway. The statute does not require that the width and length thereof shall be specifically stated therein, and the petition gives the termini of the line, which of course determines direction. See R. S. sec. 1265. It is sufficient if the line of the proposed highway is so described that it may be located without difficulty by reference to the *data* furnished by the petition itself. *Jackson v. Rankin*, 67 Wis. 285. We think this petition meets the requirements of the rule.

2. It is further maintained that the notice of the supervisors' meeting is insufficient, for the reasons urged against the validity of the petition, and for the additional reason that it fails to specify the several tracts of land through which the proposed highway may pass, as required by sec. 1267, S. & B. Ann. Stats. Inasmuch as but one tract of land is included in the proposed highway, to wit, a portion of the appellant's depot grounds, and inasmuch as the government subdivisions of which the same is a part are specified, we can perceive no valid grounds for this objection.

But the petition asks that Division street be declared a public highway, and counsel maintains that because it does so all tracts of land abutting that street should be specified in the petition, and that notice of the supervisors' meeting should be served upon each occupant thereof. Presumably Division street is a public highway, and was such when the petition was presented. The request to have it declared a public highway, and the order of the supervisors so declaring it, are entirely nugatory and harmless. We think the notice sufficient, within the rule of *Jackson v. Rankin*, 67 Wis. 285, and *State ex rel. Iola v. Nelson*, 57 Wis. 147.

3. The notice was served in due form on the station agent of the railway company who resides in Eagle River. Counsel claims such service invalid, but concedes that, had it been a summons in an action against the railway company instead of the notice, the service would have been sufficient under sec. 2637, R. S., as amended by ch. 552, Laws of 1887 (2 S. & B. Ann. Stats. p. 1512). We hold that, for the purposes of service of such a notice, the station agent at the depot on the grounds through which a highway is proposed to be laid is the occupant of such grounds within the meaning of sec. 1267; and further that service upon such agent is also valid if it would be valid were it a summons in an action against the railway company. These rules require no discussion, for it is not so important that they

be fortified by argument and authority as it is that the practice in such cases be definitely settled.

4. Before laying out the highway, the supervisors caused the same to be surveyed by the county surveyor, and substantially incorporated his survey in the order laying out the highway. The description thereof in the order is more definite and certain than in the petition, but it describes the same line of highway, except it extends the line about twenty rods west of the western terminus of the proposed highway. This was done at the request of the owner of the land over which the highway was so extended, who released all claim for damages therefor. This does not invalidate the order. It was simply an acceptance by the supervisors of a right of way dedicated by the owner to the public use. The highway actually laid out was that called for in the petition. We conclude that the proceedings are in substantial compliance with the statute, and that the highway in question was regularly laid out and established. The learned circuit judge so held.

*By the Court.*— The judgment of the circuit court is affirmed.