STATE EX REL. GOTTSCHALK, Appellant, vs. MILLER, Town Clerk, Respondent.

*September 10—September 29, 1908.*

Certiorari: *Appeal: Review of judgment: Highways: Laying out and discontinuing: Clerical error in description: Presumption of regularity: Notice to landowners.*

1. Where, upon appeal from a judgment quashing a writ of *certiorari*, the record shows that the circuit court heard the cause upon its merits on the return to the writ, and that there was no motion to quash, this court will review the judgment.
2. In the proceedings of a town board laying out a highway, designation of the point of beginning as eighteen rods west of the *northeast* corner of a certain quarter-section, instead of the *southeast* corner thereof, is *held* to be a mere clerical error not invalidating the order of the board, where other parts of the description definitely showed the true point of beginning.
3. Under sec. 1298, Stats. (1898), an order laying out or discontinuing a highway is conclusive evidence, in the absence of an affirmative showing to the contrary, of the facts stated therein and of the regularity of the prior proceedings, including the sufficiency of a notice and its service upon the proper persons.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The appeal is from a judgment quashing a writ of *certiorari* and affirming the order of the supervisors of the town of Eagle, Richland county, in laying out a highway and in discontinuing part of an old one. Application was made to the supervisors requesting them to lay out a highway described as follows:

"Commencing in the highway in said town known as the Mark Lewis highway, about eighteen (18) rods west of the northeast corner of the northeast quarter of the southeast quarter of section number 1 of said town; thence running west on the south line of said forty about twenty-six rods; thence north to the old house of Lewis Bethke, being about sixty rods; thence in a northwest direction until it strikes the old highway about eight rods east of the northwest corner of the northeast quarter of the southeast quarter of section number 1."

The application also requested the discontinuance of a highway described as follows:

"Commencing at the terminus of the proposed highway about eight rods east of the northwest corner of the northeast quarter of the southeast quarter of said section one (1), and where said old highway strikes the north line of the northeast quarter of the southwest quarter of section number 12 of said town."

Thereafter the supervisors fixed a time and place at which they would meet and decide upon the application. The notice fixing the time and place for the meeting contained the description as given above. The supervisors met pursuant to the notice and adjourned the meeting, and met at the time and place of adjournment. At the adjourned meeting they made an order laying out the proposed road and discontinuing the portion of the old road in form as follows:

"We, the undersigned, supervisors of said town, did on the 16th day of October, 1907, make out a notice and fix therein a time and place at which we would meet and decide

upon such application, and did meet on the 30th day of Oc-
tober, 1907, at 10 o'clock in the forenoon of said day, at the
house of Mark Lewis, in said town, it being the time and
place fixed by us in said notice; and first having been satis-
fied by due proof that the notice aforesaid had been duly
given five days previous to the time of our said meeting to
all the occupants of the lands through which such highway
may pass, by serving each of them personally with such no-
tice or by copy thereof left with or at the usual place of
abode of each occupant of said lands, and had also been
posted up in three public places in said town ten days before
the time of our said meeting in the manner required by law,
we did then and there proceed to examine personally said
highway, and did hear any and all reasons that were offered
for and against laying out said highway and discontinuing
such highway; and the said meeting having been duly ad-
journed by us to the 9th day of November, 1907, at 10
o'clock in the forenoon, at the house of Emery Miller, in said
town, of the time and place of which adjournment, when
made, public notice was duly given by us, and notice thereof
was forthwith filed in the office of the town clerk of said
town, the undersigned did again meet at the adjourned time
and place aforesaid, and having further examined into the
premises and heard any further reasons that were offered for
or against said application, and it being our opinion that the
public good will thereby be promoted, did decide to lay out
such highway and discontinue such highway as hereafter
described.

"Now, therefore, pursuant to said application, we, the said
supervisors, do hereby order and determine that a highway
be and the same is hereby laid out in said town as follows."

The description then given is the same as given heretofore.
A like order was made discontinuing the part of the old high-
way, the description being the same as that previously given
herein.    The board awarded damages to the persons whose
lands are alleged in the petition to be affected by the laying
out and the discontinuance of these highways.

Relator on December 4, 1907, appealed from the order.
The county judge issued a notice specifying December 12,

1907, as the time, and the office of the county judge as the place, for the appointment of commissioners. At the time and place appointed the county judge was not present. A writ of *certiorari* was issued by the circuit court upon relator's petition, setting forth the above facts and alleging as errors the misdescription, that the highway did not begin at or intersect any highway, that the proper notice was not given of the meeting, that no proof of any notice having been served upon the occupants of lands through which the road ran was on file in the office of the town clerk, that no notice was served upon the petitioner or upon the occupants of the land which touched upon or abutted on the discontinued highway, that the petitioner was not allowed damages nor were damages allowed to the occupants of the lands touching upon the discontinued highway, and that the discontinuance of the highway deprived petitioner of access to a public highway from his lands.

The case was tried by the court upon its merits, and the court found that the proceedings of the board were in substantial compliance with the statute; that the error in describing the commencement of the new highway as eighteen rods west of the northeast corner of the quarter-section instead of the southeast corner of the quarter-section was a clerical mistake that did not vitiate the proceedings; that the order was presumptive evidence of the regularity of the prior proceedings; and that the proceedings of the supervisors in laying out the highway and in discontinuing the old one should be affirmed. This is an appeal from the judgment in accordance with the findings of the court.

The cause was submitted for the appellant on the brief of *A. C. Vaughan,* and for the respondent on that of *F. W. Burnham* and *P. L. Lincoln.*

SIEBECKER, J. The record shows that the court heard the cause upon its merits on the return to the writ. No motion

to quash having been heard and determined by the court and the case having been decided on the merits, this court will review the judgment in the case. *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4, 16 N. W. 21; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. Cameron v. Roberts,* 87 Wis. 292, 58 N. W. 409; *State ex rel. Barteau v. Circuit Court,* 101 Wis. 422, 77 N. W. 745.

The proceedings of the town board are assailed upon the ground that the description of the proposed highway is fatally defective, in that it designates the point of beginning as "about eighteen (18) rods west of the *northeast* corner of" a quarter-section instead of the *southeast* corner thereof. This error is undisputed. It is manifest that the *southeast* corner is the correct one. This clearly appears from what precedes, where this point is located as in the Mark Lewis highway, which crosses the south line of this quarter-section about eighteen rods west of the southeast corner. The order also proceeds to locate the highway as "thence running west on the south line of said forty." From these data the point of commencement is definitely shown, and the alleged misdescription becomes a mere clerical error and does not affect the validity of the order.

The other alleged defects in the proceedings by the board are that the notice of hearing the petition and its service are insufficient and defective, that the highway laid out does not intersect with another, and that there was no proper award of damages to relator and others occupying lands abutting on the discontinued highway. These irregularities cannot be held to exist in the proceedings had, in view of the record made by the town board in laying out and discontinuing the highways. So far as the record shows, the lands affected by the proposed and discontinued highways are alleged to be owned by Lewis Bethke and Mark Lewis and their damages are shown to have been settled and awarded as required by statute. There is nothing in the record to show that other

State ex rel. Gottschalk v. Miller, 136 Wis. 344.

parties sustained damages by the laying out of the new road or the discontinuance of part of the old one.

It is averred that no public notice was given, and that there is no proof that a notice was served on owners of lands through which the new highway passes or on those whose lands abut on the discontinued highway. Sec. 1298, Stats. (1898), provides that the order laying out or discontinuing highways "shall be presumptive evidence of the facts therein stated and of the regularity of all the proceedings prior to the making of such order." Under this statute we are concluded by the order laying out and discontinuing the highways in question as to the facts therein stated and as to the regularity of every step taken prior to the making of the order, and this includes the sufficiency of a notice and its service on the proper persons. In *Williams v. Mitchell,* 49 Wis. 284, 5 N. W. 798, it was held, respecting the effect of such an order:

"It is *prima facie* evidence that the notice was served on all owners of lands through which the altered highway was laid. It is not sufficient that the record fails to show such service affirmatively. To impeach the validity of the proceeding the failure of service must appear affirmatively. We find in the record no proof of such failure." *State ex rel. Jenkins v. Harland,* 74 Wis. 11, 41 N. W. 1060.

There is nothing before us to show affirmatively that a proper notice was not served on the interested parties.

Our conclusion is that the court properly held that the proceedings of the board were valid.

*By the Court.*—Judgment affirmed.