Schillock, Appellant, vs. Jones and others, Respondents.

*October 3—October 24, 1911.*

*Highways: Laying out: Description: Notice: Recitals in order: Presumptions: Denial by operation of law: Failure to award damages: New proceedings: Time limit.*

1. In an application and notice under secs. 1265, 1267, Stats. (1898), a description of the proposed highway as starting at the point where a certain quarter-section line intersects an old highway and running due north on the east side of said quarter-section line about seventy rods to a point where the said line intersects another highway, sufficiently describes the tracts of land through which it is to pass; and an order laying out the highway three rods wide along the east side of said quarter-section line also sufficiently describes such tracts.

2. An order laying out a highway which recites that notice was duly given is, under sec. 1298, Stats. (1898), presumptive evidence of the fact so recited, and such presumption is not overcome merely by proof that a certain person did not serve notice on a landowner.

3. Even though the supervisors make and file an order laying out a highway pursuant to an application therefor, if they do not make or file an award of damages as required by sec. 1269, Stats. (1898), they will be deemed to have decided against the application; and under sec. 1283 they cannot entertain a second application within one year.

4. After an application has been denied by operation of the statute (sec. 1269, Stats. 1898) in a valid proceeding, the petitioners cannot withdraw the papers and thereafter make a new application within one year.

Appeal from a judgment of the circuit court for Waukesha county: Martin L. Lueck, Circuit Judge. *Reversed.*

This action was brought to enjoin the defendants from opening a highway ordered laid out over land owned by plaintiff and her husband as joint tenants.

On May 11, 1909, a petition was presented to the town board of supervisors of the town of Ottawa, Waukesha county, Wisconsin, to lay out the highway in question. The board acted upon said petition and made out a notice fixing time and

place of meeting to decide upon the application. Pursuant to the notice a meeting was had by the board May 28, 1909, and an order laying out the highway made. The defendants made no award of damages or entered into any agreement with the parties whose land was to be taken for said highway.

Within thirty days after the making of the order an appeal was taken and commissioners appointed, and on July 10, 1909, the commissioners approved the action of defendants. Thereafter, on November 24, 1909, the plaintiff secured from the circuit court for Waukesha county a writ of *certiorari* to review the proceedings, and said writ was served on the town clerk on November 24, 1909, but nothing further was done and the papers were not certified to the circuit court. On December 7, 1909, the defendants withdrew the papers in the matter of laying out the highway under the petition of May 11, 1909, and declared the proceedings taken a nullity, and proceeded to act under another petition filed December 13, 1909. The defendants gave notice of time and place of meeting under the second petition, met and decided to lay out the highway, made an order to that effect, and awarded damages to the plaintiff and others through whose lands the highway was ordered laid out.

Notice was given to the plaintiff and other owners of land through which the highway was ordered laid out to move their fences.

The plaintiff claims that all the proceedings relative to the laying out of the highway under the second petition were and are without authority of law and void, and this action was brought to restrain the defendants from opening the highway claimed by defendants to be lawfully laid out under said second petition.

The defendants answered by way of admissions and denials respecting the proceedings taken. The court found that the highway was lawfully laid out under the second application and ordered judgment dismissing the plaintiff's complaint

with costs.    Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Muckleston & Thomas,* attorneys, and *V. H. Tichenor,* of counsel, and oral argument by *J. E. Thomas.*

For the respondents there was a brief by *Merton, Newbury & Jacobson,* and oral argument by *M. A. Jacobson.*

KERWIN, J.    The first point made by appellant is that the proceedings on the first petition filed May 11, 1909, were valid, and that the failure of the defendants to lay out a highway and award damages under such proceedings was a denial of the application under secs. 1269 and 1283, Stats. (1898), and therefore the supervisors had no right to act upon another petition within the year.    If this point be well taken the judgment below must be reversed and no other question need be treated.

Sec. 1267, Stats. (1898), provides that on application made to the supervisors to lay out a highway they shall make out a notice fixing a time and place at which they will meet and decide upon the application, and the applicants shall, at least five days previous to such time, cause such notice to be given to all the occupants of land through which such highway may pass.    The statute further provides that the notice shall specify as near as practicable the highway proposed to be laid out and the several tracts of land through which the same may pass.

The principal attack of the respondents is upon the petition and notice in the first proceeding, and it is insisted that they are not in compliance with the statutes and hence conferred no authority upon the supervisors to make the order laying out the highway, because it is argued that the tracts of land through which the proposed highway was to pass were not sufficiently described under secs. 1265 and 1267.

The petition and notice under the above sections described

the highway as "starting at a point in the highway between section eight (8) and seventeen (17) where the quarter-section line of said section intersects said highway, due north on the east side of the quarter-section line in section eight (8) for a distance of about seventy (70) rods to a point where said quarter-section line intersects the Whitewater and Waukesha Territorial Road."

This we think was a sufficient description of the line of the highway and no one of ordinary intelligence could be misled by it. And it was a sufficient description of the tracts of land through which the described highway was to pass, under repeated decisions of this court. *State ex rel. Iola v. Nelson,* 57 Wis. 147, 15 N. W. 14; *Jackson v. Rankin,* 67 Wis. 285, 30 N. W. 301; *State ex rel. Milwaukee, L. S. & W. R. Co. v. O'Connor,* 78 Wis. 282, 47 N. W. 433; *State ex rel. Gottschalk v. Miller,* 136 Wis. 344, 117 N. W. 809.

The initial point of the highway was definitely fixed, and the course "due north" *on the east side* of the quarter-section line made the description and location sufficiently clear as on the east side of the line and described the land as lying east and abutting on the section line.

The order laying out the highway described it as a highway three rods wide along the east side of the quarter-section line described and abutting thereon. So the land over which the highway passed was sufficiently described both in the notice and order, under the decisions of this court heretofore cited. No other objection is made to the petition, notice, or order except as to the sufficiency of the description of the tracts of land through which the same may pass.

It is claimed, however, that the supervisors had no jurisdiction to make the order for want of notice; that no notice had been served upon the plaintiff. The complaint contains a copy of the order. The order recites that notice had been duly given, and sec. 1298, Stats. (1898), makes the order presumptive evidence of the facts therein stated. The an-

swer does not deny the facts recited in the order respecting notice. Moreover there is no proof that there was no service of the notice on the plaintiff. The only evidence of nonservice is that one Grambling did not serve on plaintiff. This was not sufficient to overcome the presumption raised by the recitals in the order. For aught that appears there may have been service by some one other than Grambling. We therefore conclude that the proceedings under the first application resulting in the order laying out the highway were valid.

But no award of damages was made or filed under the first proceeding as required by sec. 1269, which provides that unless such award be filed as provided the supervisors shall be deemed to have decided against the application.

Sec. 1283, Stats. (1898), provides that the determination of the board of supervisors in refusing to lay out any highway shall be final for the term of one year after the making of such determination, unless reversed on appeal; and that no application for laying out any such highway shall be again acted upon by the supervisors within said term of one year. So it follows that, the proceedings upon the first application being valid and the defendants having failed to award damages within the time allowed by law, the supervisors had no power to entertain the second application, and therefore proceedings thereunder are null and void.

The claim that defendants withdrew the papers in the first proceeding and declared it null and void cannot avail them. Their status was fixed when the order was made, and failure to award damages as provided in sec. 1269, Stats. (1898), amounted to a decision against the application. To allow defendants, after the application had been denied by operation of the statute, to proceed again within a year contrary to sec. 1283 would be to suffer them to defeat the purpose of the statute.

*By the Court.*—The judgment of the court below is reversed, and cause remanded with directions to enter judgment as prayed for in the complaint.