STATE EX REL. RONGLIEN, Appellant, vs. CLEMENSON and another, Town Clerks, Respondents.

*January 13—January 30, 1912.*

*Highways: Laying out: Determination of supervisors: New application, when barred: Order: Sufficiency of description.*

1. Proceedings of town supervisors upon an application for the laying out of a highway, which did not include any "determination" thereon, are not a bar to their acting upon a new application for such highway within one year.
2. In an order laying out a highway the description thereof is sufficient if, although the number of the section is omitted in describing the starting point, any surveyor could accurately locate the road by beginning at the designated ending and working backward, and only the section intended will answer the calls of the description.

APPEAL from a judgment of the circuit court for Trempealeau county: E. C. HIGBEE, Circuit Judge.   *Affirmed.*

The cause was submitted for the appellant on the brief of *R. S. Cowie* and *G. O. Linderman,* and for the respondents on that of *S. G. Gilman.*

30]                JANUARY TERM, 1912.                269

State ex rel. Ronglien v. Clemenson, 148 Wis. 268.

TIMLIN, J.  *Martin M. Ronglien,* a landowner through whose land a highway was laid out upon the town line by the supervisors of the towns of Unity and Albion, sued out a writ of *certiorari* directed to the clerk of each town (ch. 146, Laws of 1901) to review the proceedings laying out this highway, assigning as error that the order was made within one year from the date of acting upon a different petition for laying out the highway, and also that in the final order the description of the highway is indefinite and uncertain.   They answered by return to the writ that in June, 1909, there was received and filed by each of said clerks notice of a joint meeting of the supervisors of the several towns to be held on July 3, 1909, at a designated place to decide upon the application.   Each notice recited that an application had been made in May, 1909, by thirty-one freeholders, etc., but no application was returned, while it is certified that all papers filed in the clerk's office are returned.   These notices are not identical.   That filed with the clerk of Unity says the application described the proposed highway as commencing on the town line between Unity and Albion six rods north of the southeast corner of the northeast quarter of section 25, town 24 north, of range 9, thence north on the town line about a half a mile to intersect the highway on the north line of section 25. That filed with the clerk of Albion describes the highway as commencing six rods north of the northeast corner of the northeast quarter of the same section, town, and range. There are affidavits of service and posting on June 18th and an order of the supervisors adjourning until July 24, 1909, and here these proceedings end.   There was therefore no "determination of the supervisors" shown.   Sec. 1283, Stats. (1898); *Schillock v. Jones,* 147 Wis. 119, 132 N. W. 908.

The relator must make error appear.   We cannot presume it.   So there does not appear to have been any bar to the new application made on September 24, 1909.   Here again there seems to have been some difference in the petitions filed in

each clerk's office, but this is not assigned as error in the petition for the writ and need not be considered. *State ex rel. Haeselich v. Schweitzer,* 131 Wis. 138, 111 N. W. 219. The alleged defective description in the order laying out the highway is as follows:

"Beginning at a point ½ rod west of the Town line between the Towns of Albion and Unity, six rods north of the South East corner of the North East quarter, Town 24, Range 9, West, thence north ½ rod West of the Town line about ½ mile to intersect the public highway on the north line of said sec. 25. . . . The line of said survey is the center of said highway, and the same is laid out of the width of three rods."

Damages were awarded to the owners of the "East ½ of the N. E. quarter, sec. 25, town 24 north, of range 9 west," and the "West half of the north west quarter, sec. 30, town 24 north, of range 8 west." Apparently the section number is omitted in describing the starting point. But any surveyor could accurately locate this road by beginning at the designated ending and working back. The certain data are: (1) that it is parallel with and one half rod west of the town line; (2) that at its north extremity it intersects the highway on the north line of section 25; (3) that its length is about half a mile; (4) that its south end is one half rod west and six rods north of the southeast corner of the northeast quarter of some section not given. Only section 25 will answer these calls. *State ex rel. Gottschalk v. Miller,* 136 Wis. 344, 117 N. W. 809.

The judgment must be affirmed.

*By the Court.*—Judgment affirmed.