STATE EX REL. MAUGHAN, Appellant, vs. BOERNER, Town Clerk, Respondent.

*November 21—December 8, 1914.*

*Highways: Laying out: Proof of service of notice: Award of damages: Approval by electors, when not necessary.*

1. No formal return of service of the notice of a meeting of the town supervisors to decide upon an application for laying out a highway being required, where there is proof by affidavit that the affiant "personally served" the notice upon the occupants of the land affected, and the order thereafter made laying out the highway recites that the supervisors were first satisfied by due proof that the required notice had been duly given, due service is, under secs. 1268, 1298, Stats., sufficiently proved, and in order to impeach the record failure of service must affirmatively appear.
2. Under sub. 2, sec. 1291, Stats., approval of the award of damages and acceptance of the highway by the electors of the town is not necessary, although the award exceeds $500, unless it also exceeds one tenth of one per cent. on the taxable property of the town.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *S. H. Taylor,* and for the respondent on that of *Meyer & Burgess.*

KERWIN, J.    This is an appeal from a judgment of the circuit court for Grant county affirming the action of the board of supervisors of the town of Liberty in said county laying out a highway.    The matter came before the court below on writ of *certiorari* to the board of supervisors of the town. The board made an order laying out the highway in question.

Two points are made for reversal: (1) It is contended that there was not sufficient proof that the notice of the meeting of the board of supervisors to decide upon the application to lay out the highway was given to the occupants of the lands through which the highway was to be laid out.    (2) That the order and award of damages were not submitted to, nor approved, nor such highway accepted by the electors of the town at the annual town meeting or at any special meeting, although the damages allowed by the supervisors exceeded the sum of $500, the sum awarded being $1,150.

1. On the first point it is argued that the proof of service was not sufficient.    It is as follows:

"Henry Jackering, being first duly sworn, on oath says that on the 22d day of October, 1913, he personally served the within notice upon the following named persons, the occupants of the lands the description whereof is set opposite their respective names."

Following this are the names of the landowners, including that of the appellant.

Sec. 1267, Stats., provides for the service of the notice, and states that it shall be served personally or by copy left with or at the usual place of abode of such occupant and such

notice shall also be posted in three public places in the town ten days before the time of such meeting. It is plain that the same particularity is not required in the service of this notice as in the service of process for the commencement of an action. *Green v. State,* 56 Wis. 583, 14 N. W. 620; *State ex rel. Iola v. Nelson,* 57 Wis. 147, 15 N. W. 14. No provision is made in the statute for any formal return of service. So it would seem that the affidavit to the effect that the affiant personally served the notice was sufficient *prima facie.* Reasonable inference from the affidavit is that the landowners were given actual notice of the proceedings. *State ex rel. Iola v. Nelson, supra.* Moreover sec. 1268, Stats., provides that the supervisors, "upon being satisfied that the notices required in the preceding section have been duly given, proof of which may be shown by affidavit or otherwise as they may require, shall proceed to examine personally such highway . . . and shall decide upon the application as they shall deem proper. . . ." In the instant case the supervisors passed upon the notice and were satisfied, as the record shows, that notice had been duly given. It will be observed that proof may be made to the supervisors "by affidavit or otherwise." It must be presumed, therefore, upon the record made that due notice was given. Sec. 1298, Stats., makes the order of the supervisors, or supervisors and commissioners, laying out the highway, and the order of any commissioners reversing or affirming the same on appeal, and the record or a certified copy thereof, presumptive evidence of the facts therein stated and of the regularity of the proceedings prior to the making of such order. So upon the facts stated service appears to have been made, and in order to impeach the record failure of service must affirmatively appear. *Schillock v. Jones,* 147 Wis. 119, 132 N. W. 908; *State ex rel. Jenkins v. Harland,* 74 Wis. 11, 41 N. W. 1060; *State ex rel. Ronglien v. Clemenson,* 148 Wis. 268, 134 N. W. 403.

2. The second point made is without merit.   Sub. 2 of sec. 1291, Stats., reads:

"But when the total amount of damages chargeable to one town, consequent upon any one order for laying out, widening or altering a highway, shall be more than one tenth of one per cent. on the taxable property of the town, as shown by the last assessment, and shall also exceed the sum of five hundred dollars, such highway shall not be opened, widened or altered nor liability for damages exist, unless such order and the award or damages be approved, and such highway be accepted by a majority of the qualified electors of the town liable to such damages voting thereon at the next annual town meeting or some special town meeting sooner called therefor."

It is clear from this statute that it is only in cases where the damages awarded exceed in amount one tenth of one per cent. on the taxable property of the town and also exceed the sum of $500 that approval by the electors is necessary.   In the instant case it appears that the amount of damages does not exceed one tenth of one per cent. on the taxable property of the town, hence approval by the electors was not necessary, although the damages exceeded $500.   It follows, therefore, that the judgment below is right and must be affirmed.

*By the Court.*—Judgment is affirmed.