GENSKE, Appellant, vs. VEITH and others, Town Supervisors, Respondents.

*February 8—March 14, 1922.*

*Highways: Deviations between proposed and actual course: Changes in route at request of landowner: Estoppel.*

Where a landowner was present when town supervisors laid out a highway, suggested several changes in its course over his premises, which were made, assisted in staking it out, and did not object thereto except as to damages, and at the trial of his action to enjoin opening the highway objected to evidence as to his participation in selecting the route because it affirmatively appeared that it had been laid out in accordance with the petition, he could not be heard to assert any claim on account of deviations of the highway as laid out on his lands from the route described in the petition and notice.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The complaint alleged that the plaintiff was the owner of a certain farm in the town of Sheldon, Monroe county, Wisconsin; the defendants were the supervisors of said town. An application was made to them in March, 1919, as such supervisors for the laying out of a public highway in said town; a substantial part of which was proposed to be located upon plaintiff's farm; notice was duly given of the hearing of such application and thereafter an order made by such defendants on April 3, 1919, purporting to lay out such a highway, and also an award of damages to the plaintiff and others for such laying out of the highway. That after having notified the plaintiff to remove the fence and other obstructions maintained by him upon that part of such highway that was on his land and plaintiff's refusal to comply with such order, the defendants threaten and give out that they will remove such obstructions and throw open to public travel such alleged highway. Other allegations are made not material here.

The plaintiff prayed for judgment restraining the defendants from attempting to take any part of plaintiff's premises or interfering with his use thereof or from trespassing thereon.

The answer asserted that the proceedings were duly and regularly had for the laying out of the highway referred to in the complaint and that the plaintiff consented to the laying out of the highway as described in the order therefor, and that because of plaintiff's consent and proceedings with reference to the location of said highway he is estopped from asserting any invalidity in the order for the laying out of the same.

Upon the trial the court found, in substance, that the highway described in the order by defendants of April 3, 1919, was substantially the course referred to and described in the application therefor and the notice of hearing thereof; that the deviation in the course of the highway as specified in the order from the course described in the application and notice was made at the direction and with the consent of the plaintiff; that the description of the proposed highway in the petition, notice, and order therefor is with such certainty that it may be definitely located.

As conclusions of law the court found that the proceedings for the laying out of the highway were in all respects valid and that the defendants are entitled to judgment dismissing the action with costs.

From a judgment entered in accordance therewith the plaintiff has appealed.

*Thorwald P. Abel* of Sparta, for the appellant.

*R. B. Graves* of Sparta, for the respondents.

Eschweiler, J. The highway in question was laid out to permit the owner and occupant of a farm lying just west of plaintiff to obtain access to a public highway then existing near the southeast corner of plaintiff's premises. On account of the hills encountered and the nature of the sur-

face the highway took quite a roundabout course, and in a general way first to the northeast, then on a curve in an easterly direction, then southeasterly with several curves, then south, and finally to the southwest, and almost all of it over plaintiff's farm.

The only alleged error now presented to us by plaintiff is to the effect that there were such substantial variations between the description of the highway as proposed in the application for the same from that in the published notice fixing the time and place of the hearing of such application and from that in the final order and as the same was staked out or marked upon the ground, and such indefinite terms in the several documents used, as made the proceedings defective.

We do not deem it necessary to detail the specific criticisms made by plaintiff upon these proceedings. The descriptions were sufficiently certain and definite to be within the rule established in prior holdings of this court. *Jackson v. Rankin,* 67 Wis. 285, 30 N. W. 301; *State ex rel. Milwaukee, L. S. & W. R. Co. v. O'Connor,* 78 Wis. 282, 47 N. W. 433; *State ex rel. Gottschalk v. Miller,* 136 Wis. 344, 348, 117 N. W. 809; *Schillock v. Jones,* 147 Wis. 119, 122, 132 N. W. 908; *State ex rel. Ronglien v. Clemenson,* 148 Wis. 268, 270, 134 N. W. 403.

The plaintiff was present at the time the supervisors made their determination as to the laying out of the highway. He participated in the proceedings and suggested several changes in the line of the highway as it went over his own premises and such changes were made to better suit his convenience, and he personally assisted the supervisors in staking out such highway. He at no time made any objection to the laying out of such highway other than upon the question of damages.

Furthermore, on the trial when one of the defendants was being examined and asked to state what part plaintiff took in directing the course of the road and what he then

said in regard to it, an objection was interposed by plaintiff's counsel to such question on the ground that it was immaterial "because it appears affirmatively that they laid out the road in accordance with the petition."

It is plain, therefore, that plaintiff ought not to be heard in this action of trespass to assert any claim on account of any deviations of the highway as ordered laid out upon his lands by reason of his actions at the time of the hearing and determination by the defendants (*State ex rel. Milwaukee, L. S. & W. R. Co. v. O'Connor,* 78 Wis. 282, 287, 47 N. W. 433), and on account of his express recognition on the trial below of the correctness of the proceedings.

*By the Court.*—Judgment affirmed.