STATE EX REL. GRANT SCHOOL DISTRICT No. 4 OF TOWN OF GRAFTON and another, Appellants, vs. SCHOOL BOARD and another, Respondents.

*June 2—June 26, 1958.*

For the appellants there was a brief and oral argument by *Joseph A. Barly* of Milwaukee.

For the respondents there was a brief and oral argument by *Ralph E. Houseman* of Grafton.

MARTIN, C. J.  The proceedings here involved were taken under sec. 40.075, Stats. 1955, which provided:

"Territory not in but adjoining a district which holds an annual meeting and operates grades 1 to 12 may be annexed thereto upon a petition therefor presented to the board of such common school district signed by 10 per cent of the electors in such adjacent territory.  If the board approves the petition, the matter shall be submitted by said board to a meeting of the electors of said territory held in accordance with the provisions of section 40.14 (2).  If a majority of the electors present at said meeting are in favor thereof, said territory shall thereby be annexed.  The board shall issue an order to that effect, copies of which shall be filed as provided in section 40.03 (3).  If the school of the area to be annexed is in session, the order shall take effect on the next July 1.  If the school is not in session, the order shall take effect at once.  Any order of the school board to which attachment is made shall be presumptive evidence of the facts recited therein, and of the validity of all proceedings preliminary thereto."

Sec. 40.03 (3), Stats., provides:

"A certified copy of the order shall be promptly filed and recorded in the office of the clerk of each municipality in which a school district affected by the order is situated and shall be mailed to the clerk of each school district affected and to the state superintendent.  The secretary shall file a copy with the county superintendent."

The petition for the writ attacked the proceedings described, briefly, as follows:

First Annexation.

Petition dated November 26, 1956, signed by 18 electors. Electors' meeting held December 11, 1956; vote of 42 in favor of annexation and no votes against.  Order of the School Board annexing territory described in the petition issued on December 11, 1956, effective July 1, 1957.

## Second Annexation.

Petition dated December 5, 1956, signed by three electors. Electors' meeting held December 28, 1956; vote of five in favor of annexation and no votes against. Order of the School Board annexing the territory described in the second petition issued on December 28, 1956, effective July 1, 1957.

## Third Annexation.

Petition for annexation dated June 3, 1957, signed by four electors. Electors' meeting held June 28, 1957; vote of three for annexation and none against. Order of the School Board annexing the territory described in third petition issued on June 28, 1957, effective July 1, 1957.

## Fourth Annexation.

Petition dated June 19, 1957, signed by four electors. Electors' meeting held July 12, 1957; vote of six for annexation and none against. Order of the School Board annexing territory described in fourth petition issued on July 12, 1957, effective July 12, 1957.

After the return was filed respondents moved to amend the return to show excerpts from the minutes of the respondent School Board meetings on November 9, 1956, June 7, 1957, June 13, 1957, and June 14, 1957, which showed said meetings were adjourned to November 26, 1956, June 13, 1957, June 14, 1957, and June 19, 1957, respectively, and which excerpts had been omitted from the return. Appellants contend it was error to permit the amendment of the return on the ground that the "excerpts" were obviously untrue since the certified copy of the proceedings, submitted to the petitioners before the writ was issued, does not contain any adjournment of meetings. Appellants further argue that records of the annexation proceedings were altered, on the ground that one of the petitions for annexation and certain affida-

vits of posting included in the return were not a part of the certified copies of papers that they received from the respondent clerk prior to issuance of the writ.

These alleged errors cannot be reached by certiorari. Appellants attempt to impeach the return by evidentiary matters which are outside the record.

". . . the errors of which the plaintiff in error complains cannot be reached by this writ, for the simple reason that we cannot go into a review of matters of evidence. *We are confined to the defects appearing upon the return."* (Emphasis supplied.) *Morris v. Ferguson* (1861), 14 Wis. *266, *268.

"Evidence dehors the record, and contradicting it, is not permitted in the absence of statutory authority." 10 Am. Jur., Certiorari, p. 544, sec. 19.

It must be held that the amendment to the return was properly allowed.

Appellants contend that the second, third, and fourth annexations are defective because the territory described in those petitions was not adjacent to the respondent School District and because the petitions for the second and fourth annexations were filed and accepted before the electors had voted on the preceding annexation and before the orders became effective.

We cannot presume that the contiguity of the territories affected by the second, third, and fourth annexations depended upon the completion of the preceding annexation proceedings. There is nothing in the record to show that they were not adjacent to the respondent School District at the time the petitions for annexation were filed and accepted by the respondent board. There is no map in the record showing the School District and the territories affected by the annexations. There are legal descriptions of the annexed territories given in the various petitions and

the orders of annexation, but *there is no description of the territory in the district as originally constituted.* We must presume that the territories proposed to be annexed adjoined the original School District. Lack of contiguity is not assigned as a jurisdictional defect in the petition for the writ. In *State ex rel. Ronglien v. Clemenson* (1912), 148 Wis. 268, 269, 134 N. W. 403, this court held:

"The relator must make error appear. We cannot presume it."

In *State ex rel. Hynek & Sons Co. v. Board of Appeals* (rehearing, 1954), 267 Wis. 309, 315b, 66 N. W. (2d) 623, the rule was stated as follows:

" 'The writ of certiorari is not one of strict right. Whether it shall or shall not issue in any given case rests in the sound discretion of the court. *Knapp v. Heller,* 32 Wis. 467; *State ex rel. Schintgen v. La Crosse,* 101 Wis. 208, 77 N. W. 167. Hence the propriety of requiring every jurisdictional defect, upon which the petitioner intends to rely, to be plainly pointed out and brought to the attention of the court in order that its discretion may be intelligently exercised in passing upon the application for the writ, and the propriety also of examining the return only as it responds to the points of challenge. The return on such points, when it fully presents the record, is conclusive and furnishes the sole basis for answering the question of whether the judgment should be reversed or affirmed. The statement in 4 Ency. of Pl. & Pr. 293, to which respondent's counsel refers, voices the rule in that regard correctly, thus:

" ' "The petition or affidavit upon which the writ issues serves the purpose of an assignment of errors, and no irregularities will be considered except such as are pointed out therein, although they are apparent of record." ' *Tourville v. S. D. Seavey Co.* (1905), 124 Wis. 56, 58, 102 N. W. 352."

Furthermore, the statute under which these annexations were brought, sec. 40.075, provides that "Any order of the

school board to which attachment is made shall be presumptive evidence of the facts recited therein, and of the validity of all proceedings preliminary thereto."

The errors alleged in the petition for the writ will be dealt with in order.

It is claimed that the notices of the electors' meetings were defective and not in compliance with the provisions of sec. 40.14 (2), Stats., which provides that such meetings shall be held "at the regular place of holding the annual meeting of the high-school district." The notices stated that the meetings were to be held in the Grafton elementary school, Grafton, Wisconsin. There is nothing in the statute requiring that the annual meeting of the high-school district be held in the high-school building; there is nothing in the return to show that the elementary-school building was not the regular place for holding the high-school district meeting. Unless a defect is affirmatively shown on the face of the return, the presumption of regularity prevails. 14 C. J. S., Certiorari, p. 310, sec. 171.

Appellants also allege that the notices were defective in stating that the meetings would be held at the Grafton elementary school "without designating which one of the two elementary schools in said district and without stating the address." The return does not disclose that there are two elementary schools in Grafton. *State ex rel. Manitowoc v. Green* (1907), 131 Wis. 324, 111 N. W. 519, cited by appellants, is not authority for their position, since that was a mandamus case. Nor does the statute require that the meeting notice specify the address. Appellants are bound by the rules applying to certiorari:

" 'The relator who selects certiorari as his method of review and remedy subjects himself to having his rights decided upon such statement of facts as the return may make, if so responsive.' *State ex rel. Gray v. Oconomowoc,* 104 Wis. 622, 627, 80 N. W. 942. The return 'imports

absolute and complete verity, so far as it is responsive to the writ; and neither the allegations of the petition nor of the writ can serve to supply other facts merely because they are not traversed or otherwise met by the return.' *State ex rel. Heller v. Fuldner,* 109 Wis. 56, 58, 85 N. W. 118." *State ex rel. Wasserman v. O'Brien* (1930), 201 Wis. 356, 357, 230 N. W. 59.

*State ex rel. Hebert v. Carlson* (1912), 150 Wis. 584, 137 N. W. 746, cited by appellants, is not in point. In that case it was alleged that no notice of meeting was given and the record failed to show that it was given.

The next defect alleged in the petition is that the annexation order dated December 11, 1956, does not contain a description of the territory affected and is signed only by the clerk. The order referred to, as contained in the return, does describe the territory annexed and bears the signatures of the five members of the board of education. The petition for annexing the five parcels described in the December 11, 1956, order, contrary to the allegation of appellants' petition for the writ, is likewise contained in the return.

It is alleged as a defect that there is no proof on file showing posting of the notices of the electors' meetings in eight public places in the proposed annexed territory. The return contains affidavits of posting in each of the four proceedings. There is no requirement in the statute that proof of posting be on file when orders of annexation are issued. See *Joint School Dist. v. Waupaca, etc., County S. Comm.* (1955), 271 Wis. 100, 72 N. W. (2d) 909. And in any event, the return showing that postings were made on dates previous to the dates of the annexation orders, the only presumption that may be indulged from the facts set forth in the return is that such affidavits were on file when the orders were issued. Appellants contend that several of the places mentioned in the affidavits are not public places. Examples of the places to which they refer are at intersections of roads,

utility poles, and fence posts on road boundaries. This court said in *Wilson v. Sheboygan* (1939), 230 Wis. 483, 493, 283 N. W. 312:

"In considering whether a pole or tree or the like by the roadside is a public place for the posting of legal notices we must consider that in rural sections, particularly in the northern part of the state, there may be no buildings or other places where people customarily resort or gather in considerable numbers within an entire town, and to hold that a pole or the like was not a proper place for posting notices would render compliance with the statutory provision for posting notices in attachment proceedings impossible. If the posting in such case be at places as likely to be seen as at any other places in the town it must be held sufficient, else there can be no attachment."

There is nothing in the return to show that any of the postings were at places where the notices were not as likely to be seen by the public as at any other place in the territory in question, and we must hold that the postings complied with the statute. In *Joint School Dist. v. Sosalla* (1958), 3 Wis. (2d) 410, 418, 88 N. W. (2d) 357, in discussing claimed jurisdictional defects in annexation proceedings, this court said:

"There is an affidavit of posting the notices in 'eight public places in the area requesting annexation,' listing the locations. Plaintiffs contend that this affidavit does not show with sufficient particularity that the places were public and within the territory. The last sentence of sec. 40.075 provides that the issuance of an order is presumptive evidence of the validity of all proceedings preliminary thereto. Plaintiffs have not pointed out any portion of the record which shows that a jurisdictional error did occur."

In *State ex rel. Gottschalk v. Miller* (1908), 136 Wis. 344, 349, 117 N. W. 809, this court said:

"It is averred that no public notice was given, and that there is no proof that a notice was served on owners of lands

through which the new highway passes or on those whose lands abut on the discontinued highway. Sec. 1298, Stats. (1898), provides that the order laying out or discontinuing highways 'shall be presumptive evidence of the facts therein stated and of the regularity of all the proceedings prior to the making of such order.' Under this statute we are concluded by the order laying out and discontinuing the highways in question as to the facts therein stated and as to the regularity of every step taken prior to the making of the order, and this includes the sufficiency of a notice and its service on the proper persons. . . .

"There is nothing before us to show affirmatively that a proper notice was not served on the interested parties."

Appellants complain that the notice of the electors' meeting of June 28, 1957, was issued June 17, 1957, whereas the clerk's affidavit shows the notice was posted on June 14, 1957. The discrepancy in dates is immaterial. Even if the later date is accepted, the posting would constitute "at least ten days' notice of said meeting," as required by sec. 40.14 (2), Stats.

It is further alleged that there is no proof of service on file showing that there was compliance with the provisions of sec. 40.03 (3), Stats., which is set out in the forepart of this opinion. There are in the return affidavits of mailing of copies of the orders to each of the parties specified in the statute. There is nothing in the return to indicate that the orders were not certified. Appellants rely on their petition to prove this fact but, as stated above, any irregularity must affirmatively appear from the return and not from the petition or writ. Moreover, the duty to file a certified copy of such an order is a ministerial one which can be performed at any time,—even, as held in the *Sosalla Case, supra,* page 419, after the issuance of the writ of certiorari:

"Plaintiffs assert that the board could not enter a correct order based on the proceedings had after having once entered an incorrect one, particularly since the correct order

was entered after the issuance of the writ of certiorari. We disagree. Sec. 40.075, Stats., provides that if a majority vote favorably, the territory 'shall thereby be annexed.' The board then has a ministerial duty to issue and file an order to record the action. The order of June 19th being incorrect in form, an interested party could have compelled the board to issue a correct one. This the board did of its own motion. It cannot be considered that the board lacked jurisdiction to do that which it had a duty to do."

Assuming that the board had not mailed out certified copies in accordance with the statute, which the return does not show, such certified copies could be mailed at any time. If appellants were correct in their assertion, it would not void the annexations.

Next it is alleged as a jurisdictional defect that the petition for annexation upon which the order of December 28, 1956, is based contains only three signatures, two from one family. The only requirement of sec. 40.075, Stats., with respect to the petition is that it be signed by 10 per cent of the electors in the territory proposed to be annexed. Nothing in the statute can be interpreted to limit such petitioners to one in a family, and there is no showing that three signers did not constitute 10 per cent of the electors in the territory in question.

Finally, appellants alleged that the provisions of sec. 40.075, Stats., were violated by annexing approximately 80 per cent of the appellant School District or in excess of $940,000 of equalized value thereof, and

". . . creating a zigzagged border line for the purpose of selecting property of high valuation thereby destroying the School District and denying a proper education to the children in the remaining district, to the prejudice and damage of said petitioners."

A reading of sec. 40.075, Stats., will show that it contains no provisions whatsoever placing a limit on the amount or

valuation of territory which may be annexed thereunder. These allegations have nothing to do with defects in proceedings taken under the statute but constitute complaints with respect to the results of such proceedings and, as such, are not matters of judicial concern.

*By the Court.*—Order affirmed.