## MOLL VS. BENCKLER.

### *Highways.*

1. An order of town supervisors laying out a road describes it simply as "a road." The question at issue in the action being whether such road was a public highway, it was admitted that it " was a *cul de sac,* laid out for the accommodation of P. B., against whose land the north end thereof abuts," and that "no person ever lived on this road, nor does it lead to any public place." *Held,* no highway.

2. If the supervisors had laid out the road *as* a highway, *it seems* that the court would not go behind their decision, or inquire into the public necessity or utility of such highway.

3. The order in question locates the commencement of said road " eighty rods south of the section line, *in the one-eighth line* on the north-east quarter " of a certain section. *Held,* that if the order had specified the *north and south* eighth section line, it would have defined the place of beginning with certainty.

4. But there being also an east and west eighth line at the distance of eighty rods south of the north section line, the description would apply to every point in that eighth line; and the order, if otherwise valid, would be void for uncertainty.

APPEAL from the Circuit Court for *Washington* County. The opinion states the case.

*Thorp & Frisby,* for appellant.

*Frisby & Weil,* for respondent.

LYON, J.   The defendant, who was an overseer of highways, removed a fence by order of the supervisors of his town, which had been erected by the plaintiff on his own premises, but in what is alleged to be a public highway.   The order of the town supervisors, which it is claimed constituted the *locus in quo,* a public highway, is as follows:   " Upon application of six or more freeholders, the supervisors of the above named town met and laid out a road, described as follows: commencing 80 rods south of the section line between sections 7 and 18, on the one-eighth line on the northeast quarter of section 18, running from thence south to the Dekora road."

Moll vs. Benckler.

This action was brought to recover damages for removing such fence. On the trial, the defendant admitted " that the road in question was a *cul de sac,* laid out for the accommodation of one John Philip Bower, against whose land the north end of said road abutted," and further ·" that no person ever lived on this road nor did it lead to any public place."

The court directed a verdict for the plaintiff for nominal damages, and the defendant appeals from the judgment entered against him upon such verdict.

Is the place from which the defendant removed the fence, a public highway ? This is the controlling question in the case. If the evidence proves conclusively that it was not a public highway, the court below rightly directed the jury, and the judgment must be affirmed. Otherwise it must be reversed.

It is probably true, as argued by the counsel for the defendant, that when the supervisors of a town lay out a public highway, the courts cannot inquire whether the same was required by the public wants or necessities. It may well be held in such case that the supervisors are the ultimate judges of the public necessity or the utility of the highway thus laid out and established by them. The difficulty of applying that principle in this case is, that the order of the supervisors does not purport to lay out a public highway, but only " a road," without any designation of its character. The admission of the defendant supplies that omission and proves the character of the road which the supervisors attempted to lay out and establish, as definitely and conclusively as though the order itself had set forth that it was laid for the accommodation of Bower, that no person ever lived on it, that it connected with no public highway except that it terminated in the Dekora road, and that it led to no public place. That an order in that form would show conclusively that the supervisors attempted to lay out a private road and not a public highway, is too clear for argument.

The *locus in quo* not being a public highway, the officers of the town, as such, had no control over it, whatever the rights

of Bower may be, and hence the overseer of highways, the defendant, had no power to remove the fence, nor the supervisors to order him to do so. These views render it unnecessary to consider the other exceptions in the case.

There is, however, another fatal objection to the validity of the order laying out the alleged road, not noticed in the brief of counsel. It fails to locate the road with sufficient certainty. The road is therein described as commencing 80 rods south of the section line in the 1-8 line on the northeast quarter of section 18. There are two eighth section lines running across a quarter section, one running north and south, and the other east and west, each of which is about 160 rods in length. The order does not specify in which of these lines the road commences. If it had specified the north and south line, the description would be sufficient, because there can be but one point in that line which is 80 rods south of the section line. But the east and west eighth line is 80 rods south of the section line, and if that is the line intended in the order, (and it contains nothing to show to the contrary), it fails to show at what point therein the road was intended to commence.

The judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.