SCHATZ vs. PFEIL and another.

*December 12, 1882 — January 9, 1883.*

```
56   429
74    13
56   429
92   483
J92  486
56   439
97   341
97   393
```

VERDICT. *(1) General and special verdict: discretion.*
HIGHWAYS. *(2) Waiver of irregularities by accepting damages for lands taken. (3) Payment presumed to be on behalf of town. (4) Public use of highway. (5) When road ceases to be highway by non-user. (6) Highway need not be thoroughfare.*

1. Under sec. 2858, R. S., when a general verdict is also required the submission of particular questions of fact to the jury is in the discretion of the trial court.

2. Although the proceedings of town authorities in laying out a highway are irregular, yet if the owner of lands accept the damages awarded him for the taking of his lands for such highway he is estopped from setting up the irregularity of the proceedings, and the place where the highway was attempted to be laid out, if opened and worked, becomes a legal highway.

3. Where supervisors of a town, claiming that they had laid out a highway across lands, tendered money, on behalf of the town, to the owner of such lands for the damages occasioned by so laying out the highway, and such owner accepted the money and moved back his fences, leaving the highway open, the presumption is that the payment was made on behalf of the town; and the mere fact that the town records do not show such payment will not defeat that presumption.

4. The purpose for which a person travels over a highway does not determine the question whether such travel is a *public use* of the same.

5. The issue being whether a certain road was a public highway, an instruction that if it was opened by the town authorities with the assent of the land-owner, " yet if it was not used as a public highway, nor worked as such during the four years next following the opening, it ceased to be a public highway under the statute," was properly refused.

6. The fact that a road as opened and used is a *cul de sac* is not conclusive that it is not a highway.

APPEAL from the Circuit Court for *Washington* County. The case is stated in the opinion. The fourth, fifth and sixth instructions therein referred to, asked by the plaintiff, were as follows: " 4. That the travel over said supposed highway by parties who went to the premises of *Pfeil* and Roll to draw gravel, was not a public use such as required by the law to make it a public highway. 5. That if the road was opened by the town authorities with the assent of Hammel, yet if it was not used as a public highway, nor worked as such during the four years next following the opening, it ceased to be a public highway under the statute. 6. That to constitute the road a public highway it must have been opened and worked by the town and traveled by the public for twenty years."

Schatz vs. Pfeil and another.

There was a verdict for the defendants, and from the judgment thereon the plaintiff appealed.

For the appellant there was a brief by *Frisby & Weil*, and oral argument by *Mr. Frisby*.

For the respondents there was a brief by *O' Meara & Miller*, and oral argument by *Mr. O' Meara*.

TAYLOR, J. This is an action to recover damages for a trespass upon real estate. The defense is that the *locus in quo* was a public highway, and that the acts alleged as a trespass were the acts of the defendants in removing a fence, which, it is alleged, the plaintiff had erected across such highway. The real issue in the case was whether the *locus in quo* was a highway. The evidence tends to show that in the year 1849, or thereabouts, the supervisors of the town in which the *locus in quo* is situated, looked over the route now claimed to be a highway with the purpose of laying out a highway, and declared to the owners of the lands through which the proposed highway was to run that they had laid out a highway there; that they paid to John M. Samon, the person owning the lands adjoining the lands of the plaintiff, $10 as damages for taking his lands for such highway, which was received by such owner, and he shortly afterwards removed his fences and opened the way to the public, and has kept the same open to public use ever since; that about the same time some one on behalf of the town notified Gottlieb Hammel, the then owner of the *locus in quo*, that a highway had been laid out on the line between him and Samon, and gave him $5 for his damages, which he received, and shortly afterwards moved his fence back and left the road open on his land. There is proof showing that the supervisors came upon the land at the time, and measured the line of the road before they declared it laid out, and before the money was paid to the owners of the land on either

side of the line thereof.   The only records of the road ever
made were as follows:

"Survey of Road No. 7.

"Commencing on the range line, at the quarter stake in
section No. 18, and running on the line to the territorial
road.

[Signed]                    "Charles Schutte,
                            "James Fagan,
                            "David F. Johnson,
                                    "Supervisors."

This survey had no date.   There was a second record in
the office of the town clerk, dated December 1, 1849, which
reads as follows:

"Survey of Road No. 20.

"Commencing on the range line, at the quarter post on
section 18, and running on the line to the territorial road.

[Signed]                    "Charles Schutte,
                            "James Fagan,
                                    "Supervisors.

"Attest:   Ferdinand Bublitz, Town Clerk."

The road, which had been opened and used from about the
date of said last order, commenced at the quarter post of
section eighteen, on the range line, and ran east on the quar-
ter line between the N. W. ¼ and S. W. ¼ of section eighteen
for about eighty rods, terminating in unimproved lands
owned by one *Pfeil.*   The proof also shows that at that
time there had been a territorial road laid out across the N.
E. ¼ of section eighteen, in a southeast and northwest directon,
and it would seem that the intention was to open a road from
the west side of section eighteen on the quarter line east to
this highway.   The evidence also shows that this territorial
road was used for a short time and then closed up, and that
after such closing the road in question was not opened or

used further east than about eighty rods, where it terminated on the lands of *Pfeil*. There is evidence showing that this road has been used by *Pfeil* and all others who desired to use the same for nearly or quite thirty years, and for several years last past one of the road districts of the town had purchased a gravel bed east of the east end of this road, and had used the road for hauling gravel from such gravel bed to repair the highways in the town. There was also some evidence showing that the town authorities had done some work on this road in order to keep the same in repair.

After the evidence was closed the learned circuit judge instructed the jury as follows: " Now, I charge you as a proposition of law that the proof in this case is not sufficient to make it a public highway by what is known in the law as prescription or user for a number of years. The use of it by the public has not been such as, without something else, would make it a public highway in that manner. If it is a public highway at all, it becomes so by the acts of both parties,— I mean the authorities of the town where this land is situated, and the acts of the plaintiff's grantor, Mr. Hammel. Now, the law is that where the town authorities attempt to lay out a public highway, but their proceedings are irregular, and they have not succeeded in making it a public highway by their own acts, under the statute, yet, if the owner of the land accepts the damages from the town authorities which are awarded to him for the taking of his land, he is estopped from setting up the irregularity of the proceedings, and consequently the place where they have attempted to lay out a public highway, if opened and worked, becomes a legal highway. Now, you will examine this testimony and see whether this proof establishes that proposition. In the first place, Was there an attempt on the part of the town authorities to lay out this road? Upon that subject you will remember the records that were introduced here, one of which ordered that a road be laid out from the quarter post on the range

line on section eighteen in that town to the territorial road. Their proceedings, I must say to you, were irregular, and would not have made a public highway there — that is, these proceedings — unless the owner of the land accepted the damages which were awarded by the town authorities. Now, did he do so? You have heard the evidence. After these defective proceedings were had, did Mr. Hammel accept the money from the town authorities for that road? If so, did he open the road by moving his fence, or by putting a fence and leaving the road open for public use, and has the public used it since that time? If that be true that he did, then I say to you that the plaintiff here is not entitled to recover, and it is a public highway. If he did not, then he can recover, and is entitled to a judgment for six cents."

It will be seen, from an examination of the whole charge of the learned circuit judge, that he took from the jury all other questions which might be urged on the part of the defendants as a defense, except the facts set out in his instructions as above quoted. These instructions, we think, were sufficiently favorable to the plaintiff, and were sufficiently based upon the evidence in the case, and the verdict of the jury upon the facts is conclusive. Upon the close of the evidence the plaintiff requested the court to submit certain questions to the jury, not for the purpose of obtaining a special verdict on the whole case, but for the purpose of getting special findings upon certain questions which might be material to the rights of the parties. The court refused to submit the questions, and this is alleged as error. Under sec. 2858 the court must direct the jury to find a special verdict on the whole case when such verdict is requested by either party as prescribed in said section, but it is in the discretion of the court to direct the jury to find upon any particular questions of fact when a general verdict is also required. It was not error, therefore, to refuse to submit the questions propounded by the counsel for the plaintiff.

The learned counsel for the appellant also requested certain instructions. The first, second, third and seventh instructions asked were asked for the purpose of raising the question whether the money paid to Hammel for his damages was paid by the authority of the town board. The effect of the instructions asked was a direction to the jury that they should find the payment was not made by the town unless the town records showed the fact of such payment, and if the records did not show such payment, then the receipt of the money by Hammel would not be a waiver on his part for compensation for the damage done him in laying out and opening the highway. We think these instructions were properly refused. The proof shows that the supervisors of the town claimed that they had laid out a highway, the money was tendered on behalf of the town for the damages occasioned Hammel by so laying out the same, and he received the money and removed his fences. In such case the presumption is that the payment was made on behalf of the town, and the mere fact that the records of the town kept in these early times did not show such payment should not defeat such presumption. In order to defeat the presumption arising out of such payment, followed by the other acts of Hammel in opening the road, there should be positive and strong proof showing that the payment was not made on behalf of the town, or received by the land-owner as coming from it.

The fourth instruction was properly refused. The purpose with which a person travels over a highway does not determine the question whether such travel is a public use of the same. Most men travel over the highways for purposes personal to themselves; still their use of the highway is a public use. The fifth instruction was properly refused, and the sixth was given in the general charge.

The fact that the road as opened and used is a *cul de sac,* is not conclusive that it is not a highway. *Moll v. Benckler,*

30 Wis., 584; *Danforth v. Durell*, 8 Allen, 242; *People v. Kingman*, 24 N. Y., 559; sec. 1275, R. S. 1878; sec. 1295, R. S. 1878. Here the evidence shows that the intention on the part of the town authorities was to make a public highway, extending from one public highway to another, and this intention was defeated in part by the fact that one of the highways, into which it was expected to terminate, was discontinued and closed up; and other parts may not have been opened because there was no public use for it, but so far as it was thrown open to use, it was thrown open to public use. The men through-whose land the same was opened and used, received compensation for such public use, and must be presumed to have thrown the same open to such use when, after receiving compensation therefor, they removed their fences so as to permit such use.

After having permitted all persons desiring to do so to use such way for nearly or quite thirty years, without objection, they should not now be permitted to exclude the public on the plea that such use during all these years was a private use, except upon the clearest proofs of such fact.

We see no errors in the record calling for a reversal of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.