THE STATE EX REL. JENKINS, Appellant, vs. HARLAND and others, Respondents.

74 11
86 150

*February 23 — March 12, 1889.*

*Highways: Notices: Award of damages: Appeal: Estoppel.*

1. An order of the town supervisors laying out a highway, which recites that the proper notices were given, is *prima facie* evidence of that fact. Sec. 1298, R. S.

2. One who appeals from the award of damages on the laying out of a highway, and on the appeal obtains an increase of such damages, is estopped from questioning the validity of the proceedings laying out the highway.

APPEAL from the Circuit Court for *Waukesha* County. The case is stated in the opinion.

For the appellant there was a brief by *Carney & Ryan,* and oral argument by *T. E. Ryan.*

*Warham Parks,* for the respondents.

TAYLOR, J. The appellant sued out a writ of *certiorari* from the circuit court of Waukesha county, directed to the supervisors and town clerk of the town of Pewaukee, requiring them to send up the proceedings of the supervisors of said town in laying out a highway in said town across the lands of the said relator. The clerk and supervisors of said town made return to said writ, setting out at length the proceedings had by said supervisors in laying out the highway referred to in said writ. After the return was made and filed, the respondents, by their attorney, moved the court to quash the writ for the reasons stated in the motion. After hearing the motion, the circuit court quashed the writ, and the proceedings were dismissed with costs in favor of the respondents. From the judgment dismissing the writ with costs the relator appeals to this court.

The counsel for the appellant claims that the judgment

and order of the circuit court should be reversed — (1) because the return to the writ of *certiorari* showed that the supervisors had failed to give the notice of their meeting to consider the petition for said highway and to decide upon the same, required by statute (see sec. 1267, R. S.); and (2) that after making the order laying out said highway, and before awarding the damages to the owners of the land through which the same passed, the supervisors adjourned for seven days, without giving the notice required by statute (see sec. 1268).

The return to the writ of *certiorari* shows that the supervisors made an order laying out said highway on the day fixed for the hearing of the petition asking for the same. Such order recites that the proper notices were given, and that they were satisfied such notices had been served and posted as required by law. This order of the supervisors is *prima facie* evidence that the proper notices were posted and served. See sec. 1298, R. S. No evidence was offered by the relator to overcome the presumption raised by the statute, nor did the relator deny, or offer to deny, the facts set forth in the return to the writ. That the order is *prima facie* evidence that the proper notices were given, see *Williams v. Mitchell*, 49. Wis. 284; *Roehrborn v. Schmidt*, 16 Wis. 519, 522.

The record shows that the order laying out the highways was made and filed as required by the statute; and the only other objection to the proceedings is that they did not make an award of damages to the relator at the same time, and file the same with the order laying out the highway, as required by the statute (see sec. 1270, R. S.); nor did they give the notice to adjourn the hearing to settle the award of damages, in the manner prescribed by sec. 1268, R. S. Whether, when the supervisors have regularly made an order laying out a highway on the day fixed for that purpose, they must also on that day make their award

of damages to the owners, or, if they do not, they must adjourn the proceedings for that purpose, and give notice of such adjournment in the manner required by said sec. 1268, or whether they may ·adjourn for the purpose of awarding damages by giving notice thereof to the parties interested, so that the adjournment does not exceed ten days from the date of the order laying out the highway, and their award of damages is made and filed with the town clerk within ten days after making said order, as required by sec. 1269, R. S., need not be determined in this case. The record returned in this case discloses the fact that, after said award of damages was made in favor of the relator, he appealed from said award of damages in the manner prescribed by secs. 1285, 1286, R. S., and such proceedings were had upon such appeal that a jury was duly selected and qualified as required by law, and afterwards they made their appraisal, increasing the damages awarded by the supervisors by the sum of $20. By appealing from the award of damages, the relator waived all question as to the regularity of their assessment by the supervisors; and having obtained, upon such appeal, an increase of damages by the appraisal of the jury,— a decision which he can undoubtedly enforce against the town,— he is now estopped from alleging that the damages were not legally awarded to him. He is in no better condition to contest the legality of the highway on the ground that the damages were not legally awarded, than he would have been had he accepted and received from the town the damages awarded by the supervisors. This court has frequently held that the receipt of the damages awarded to a land-owner estops him from contesting the validity of the highway laid out. *Karber v. Nellis*, 22 Wis. 215; *State v. Langer*, 29 Wis. 68, 72; *Moore v. Roberts*, 64 Wis. 538, 541; *Schatz v. Pfeil*, 56 Wis. 429, 435. What was done by the relator in this case is equivalent to a receipt of the damages,

and he is equally estopped from questioning the validity of the proceedings laying out the highway.

It also appears from the record that the relator is the only person interested in the award of damages; his lands being the only lands taken by the public for such highway. It is apparent, therefore, that no other person can now avoid the proceedings of the supervisors for the irregularity in awarding damages to the relator, if there be such irregularity. He having waived such irregularity, the proceedings are binding upon all other parties, and the highway is regularly laid out.

*By the Court.*— The judgment of the circuit court is affirmed.