STATE, Respondent, vs. HALVORSON, Appellant.

*September 22—October 20, 1925.*

*Highways: Gates along line of travel: Work on road: Necessity to prevent abandonment: Action to recover penalty for obstruction: Estoppel to deny existence of highway: To deny abandonment.*

1. While the maintenance of gates along the line of travel is not necessarily inconsistent with the existence of a private ·easement, their presence is inconsistent with the existence of a public highway. p. 614.
2. The expenditure of public funds on a road within four years from the date of the order laying it out as a highway pursuant to sec. 80.01, Stats., is necessary to prevent the abandonment of the road within sub. (2), sec. 80.32. p. 613.
3. In an action by a town to recover a penalty for the encroachment of a highway under secs. 86.04 to 86.06, Stats., the burden is on the town to show that the *locus in quo* was a highway. p. 614.
4. The provisions of sec. 80.01, Stats., that all highways laid out by a town and recorded, when any portion· thereof shall have been opened and worked for a term of three years, shall be deemed legal highways, do not operate to establish a highway once abandoned, within sub. (2), sec. 80.32. p. 615.
5. Where it appeared that the defendant maintained gates across the road where it entered and left his farm lands; the town, in failing affirmatively to show that the road ·was opened, traveled, and worked within four years from the date of the order laying it out, is *held* not to have established the road as a public highway. p. 615.
6. One estopped from attacking the validity of a highway because he accepts damages for laying out the highway over his land is not estopped from claiming its abandonment, it being plain that the status of a highway once legally abandoned can be challenged by any one. p. 616.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Action to recover a penalty for the encroachment of a highway, under secs. 86.04 to 86.06, Stats. The issue was whether the *locus in quo* was a public highway. It appears that in an early day two main traveled highways ran in a

northerly and southerly direction, one through the town of Pleasant Valley and the other through the town of Drammen, in Eau Claire county. These highways were about four miles apart. The country in between was very rough and hilly.

In 1871 certain farmers living between these two roads clubbed together and built a cross-road connecting these two roads, which cross-road afforded them access to these two main-traveled routes. This cross-road was not a legally laid out road, but the opening up of the same, and the subsequent travel thereon, was, plainly, by permission of the owners of the land which it crossed. Such owners maintained gates across the road seemingly as necessity required to prevent their stock from running at large. No public money was ever expended on the road down to 1898, and, apparently, it was not pretended on the part of any one that prior to 1898 this road was a public highway.

On July 11, 1898, pursuant to a proper petition, the town board of the town of Pleasant Valley made an order laying out a public highway along the line of this road from the point where it intersected with the main north-and-south road running through the town of Pleasant Valley, through the town line of the town of Drammen, a distance of about two miles. The proceeding laying out this road was concededly irregular in a number of particulars. Among other defects in the proceedings, damages were not awarded to the owners of all the lands through which the highway was laid. Thereafter the road was traveled as before. Owners of lands through which the highway ran continued to maintain gates as before. The town authorities did nothing in the way of opening up the road, and for some time at least after the road was laid out no public funds were ever expended in its repair. Since 1910 the defendant *Halvorson* maintained gates at two points; one where the road entered his premises and the other where it left the same. These

gates were customarily opened and closed by those using the road. November 1, 1920, defendant locked these gates, thereby closing said highway where it entered his land to public travel. On September 2, 1921, the supervisors of said town of Pleasant Valley made an order requiring defendant to remove the gates so maintained by him. The defendant failed to comply with this order and the town board brought this action. Judgment was rendered against the defendant in favor of the town for the sum of $27 penalty, and adjudging that said road was a legal public highway. From that judgment defendant brings this appeal.

The cause was submitted for the appellant on the brief of *Arthur H. Shoemaker* of Eau Claire, and for the respondent on that of *Victor M. Stolts,* district attorney, and *John B. Fleming* of Eau Claire.

OWEN, J. The sole question is whether the road is a public highway, at least where it crosses the land of the defendant. If it be a public highway, it had its inception as such by virtue of the proceedings of the town board laying out the same in 1898. Those proceedings were concededly irregular, and if it be a highway it must be by virtue of the provisions of sec. 80.01, Stats., that all highways which shall have been laid out by the supervisors of any town and recorded, "any portion of which shall have been opened and worked for the term of three years, shall be deemed to be and are hereby declared to be legal highways so far as they have been so opened and worked, notwithstanding the law may not have been in all respects complied with in laying out the same." Before considering whether this road became a public highway by virtue of this provision, it is necessary to refer to the provisions of sub. (2), sec. 80.32, that "Every highway shall cease to be a public highway at the expiration of four years from the time it

was laid out, except such parts thereof as shall have been opened, traveled or worked within such time." It will be seen that, by virtue of this provision, unless the highway was opened, traveled, or worked within four years after it was laid out it must be deemed to have been abandoned.

As appears in the statement of facts, the town board did nothing for a period of four years in the matter of opening up the road. It was concededly a private way at the time of the order of the town board laying it out. While it was traveled, it was by permission and acquiescence on the part of the owners of lands across which it ran. They maintained gates for their convenience which were opened and closed by those using the road. At times there were as many as six gates along the line of this road. While the maintenance of gates along the line of travel is not necessarily inconsistent with the existence of a private easement (*Schroeder v. Moeley*, 182 Wis. 484, 196 N. W. 843), their presence is inconsistent with the existence of a public highway. *Williams v. Giblin*, 86 Wis. 147, 56 N. W. 645; *Hunter v. C., St. P., M. & O. R. Co.* 99 Wis. 613, 75 N. W. 977. The town board did nothing prior to the service of its order on the defendant *Halvorson* in 1921 to cause the removal of these gates, and nothing was done at any time to change the character of the road from a private to a public way. It must be held, therefore, that it was not opened up or traveled as a public highway within at least four years of the date of the order of the town board of supervisors laying it out as a public highway.

There is some claim made that public funds were expended on this road. If there were any such they were very insignificant in amount, and the evidence is far from satisfactory that any public funds were ever expended. However, to prevent an abandonment it must appear that public funds were expended within four years from the date of the order laying out the highway. The burden is on the town to show that the *locus in quo* was a highway. Con-

cededly the records introduced for that purpose are not sufficient. In order to constitute it a highway the town must rely on the provisions of sec. 80.01, and in order to invoke the curative effect of the statute it must show that town funds were expended on the road within four years of the date of the order. The provisions of that statute do not operate to establish a highway once abandoned. *Williams v. Giblin,* 86 Wis. 147, 56 N. W. 645. Two or three witnesses testified that they did some work on the road in 1906, 1907, 1913, and 1916 at the direction of the pathmaster and for which they were paid out of town funds. Taking this testimony at its face value, although when considered in connection with their entire testimony it is not very clear that they were in fact paid with town funds, it avails the town nothing, because the money was not expended within four years after the order laying out the highway.

The witness Halvorson testified on the trial in 1922 that "about twenty years ago" he was road commissioner for about five years and that during the time he was road commissioner he permitted one Martin Halvorson to work out his road taxes on this highway. It will be noticed that he testified that he was road commissioner "about twenty years ago." If it were exactly twenty years ago it would have been in 1902. The order laying out the highway was made July 11, 1898. We will assume that if Martin Halvorson had worked on the road prior to July 11, 1902, it would have prevented the abandonment. However, the record fails to show that he did any work on that highway prior to that date. As the burden is on the town to establish the highway, to accomplish which it must affirmatively show that the highway was opened, traveled, or worked within four years from the date of the order, it has plainly failed to establish the existence of the highway.

The trial court found that "shortly after said highway was laid out, Olaus C. Wig, who then owned the land now owned by the defendant, executed a release of damages to

the land on which said gate was located by reason of the laying out of said highway." We do not know just what the trial court had in mind as the legal result of that finding, but probably he considered that the grantees of said Wig were estopped to challenge the existence of a highway over this land. It is true that one who accepts damages for the laying out of a highway over his land is estopped from attacking the validity of the highway. *State ex rel. Jenkins v. Harland,* 74 Wis. 11, 13, 41 N. W. 1060, and cases there cited. Granting that this estoppel extends to his grantors, it by no means follows that even he is estopped from claiming an abandonment of the highway. When the highway is once legally abandoned, it seems plain that its status as a legal highway can be challenged by any one. We conclude that the record fails to establish the existence of a public highway at the place where the gates were maintained, and that the judgment should be reversed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the plaintiff's complaint.