HARLFINGER and wife, Respondents, vs. MUELLER and others, as OZAUKEE COUNTY HIGHWAY COMMITTEE, and another, Appellants.

*February 6—February 28, 1958.*

For the appellants there was a brief by the *Attorney General* and *Richard E. Barrett,* assistant attorney general, and *Richard C. Bonner,* special counsel for Ozaukee county, and oral argument by *Mr. Barrett, Mr. Bonner,* and by *Mr. James J. Koenen,* district attorney.

For the respondents there was a brief and oral argument by *Frank X. Didier* of Port Washington.

MARTIN, C. J.    The facts in this case are similar to those in *Kultgen v. Mueller,* ante, p. 346, 88 N. W. (2d) 687, and this case is controlled by the decision therein.

On June 23, 1956, plaintiffs acquired from Alex J. Klas, brother-in-law of Leo Harlfinger, a parcel of the Klas farm

on Highway 57 in Ozaukee county. The transfer was recorded in the office of the register of deeds on June 25, 1956.

The complaint states that on September 10, 1956, the County Highway Committee mailed to the plaintiffs an instrument purporting to be an award of damages for a portion of the land in question, and that the award was recorded with the register of deeds on September 6, 1956. As in the *Kultgen Case,* it is alleged that the award is null and void principally for failure of the defendants to negotiate with the plaintiffs to acquire the property before proceeding.

In this case defendants alleged in their answer, among other things, that the transfer of title to the plaintiffs was "for the purpose of obtaining additional benefits and damages far in excess of reasonable market value and to harass the defendants herein from expediting the purchase of lands for highway purposes."

Defendants failed to prove this contention. On cross-examination the plaintiff Leo Harlfinger was asked how much he paid for the land. Objection to the question was sustained by the trial court, but defendants' counsel made no offer of proof, which he should have done if he wished to rely on it. The record is devoid of anything but suspicion that the transfer was part of a scheme to increase the value of the land.

Other allegations in the pleadings are not disposed of because of our holding.

As decided in the *Kultgen Case,* it must be held that the complaint should be dismissed. Plaintiffs had a complete remedy under sec. 32.11, Stats., and should have followed it.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.