BEER and wife, Respondents, v. OZAUKEE COUNTY HIGH-WAY COMMITTEE and another, Appellants.*

*January 7—February 2, 1960.*

* Motion for rehearing denied, without costs, on April 5, 1960.

For the appellants the cause was argued by *Richard E. Barrett,* assistant attorney general, *James J. Koenen,* district attorney of Ozaukee county, and *Richard C. Bonner,* special counsel, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondents there was a brief by *Runkel &
Runkel* and *Frank X. Didier,* all of Port Washington, and
*Alfred D. Jahr* of New York City, and oral argument by
*Mr. Didier* and *Mr. Paul D. Runkel.*

A brief was filed by *Ralph M. Hoyt* of Milwaukee, for
the county board of Ozaukee county, as *amicus curiae.*

CURRIE, J. The three principal issues raised by the
parties upon this appeal are as follows:

(1) Did the acceptance and cashing of the $8,500 check
by the landowners estop them from raising any issue in the
circuit court proceeding other than the proper amount of
damages to be awarded them for the taking?

(2) Do the words *"improving and maintaining highways"*
appearing in sec. 84.09 (1), Stats., embrace the right to
acquire access rights by purchase or condemnation?

(3) Even if such words in sec. 84.09 (1), Stats., stand-
ing alone would authorize the acquiring of access rights,
are the condemnors precluded from so acquiring such rights
except by proceeding in accordance with the provisions of
sec. 84.25?

This court has repeatedly held that receipt by the land-
owner of damages for property rights taken by eminent
domain in the laying out of a highway estops him from
contesting the validity of the proceedings. *State v. Halvorson*
(1925), 187 Wis. 611, 616, 205 N. W. 426; *State ex rel.
Jenkins v. Harland* (1889), 74 Wis. 11, 13, 41 N. W.
1060; *Moore v. Roberts* (1885), 64 Wis. 538, 541, 25 N. W.
564; *Schatz v. Pfeil* (1883), 56 Wis. 429, syllabus 2, 14
N. W. 628; *Emmons v. Milwaukee* (1873), 32 Wis. 434,
443; *State v. Langer* (1871), 29 Wis. 68, 74; and *Karber
v. Nellis* (1867), 22 Wis. 207 (*215), 210 (*218). The
holding in *State ex rel. Jenkins v. Harland, supra,* has been

cited with approval in *Henry v. United States* (3d Cir. 1931), 46 Fed. (2d) 640, 642.

Not only is this the rule in Wisconsin, but it is the general rule in other jurisdictions. 6 Nichols, Eminent Domain (3d ed.), p. 419, sec. 28.321 (2), and cases cited in footnote 42. Nichols states the rule as follows:

"It is undoubtedly the law that an owner of land taken by virtue of eminent-domain proceedings who has accepted and been paid the award of damages cannot afterwards contest the validity of the taking, either directly or collaterally, or seek to recover or retain possession of his land, *no matter how fundamental the defect in the proceedings may be.*" (Emphasis supplied.)

In order to resolve the issue of estoppel raised in the instant appeal it becomes necessary to examine sec. 84.09, Stats., to ascertain whether such statute has in any way modified the pre-existing general rule as laid down in the afore-cited authorities. Such examination discloses the following sentence appearing in sub. (2) of sec. 84.09:

"In all cases where tender is accepted or made through the court as aforesaid, it shall be without prejudice to the right of appeal for a greater sum but no interest on the amount of the original award shall be recoverable."

The tender referred to in such quoted sentence has reference to the tender of the amount of the original award which the condemnors are required to make to the landowner, and, if he refuses it or his whereabouts is unknown, such amount is then to be deposited with the clerk of any court of record of the county in which the affected lands are located. In view of such quoted statutory provision, we consider it clear that the common-law general rule of estoppel, which is based upon acceptance of compensation for the taking, has only

been modified to the extent that such acceptance does not bar the landowner from following the statutory appeal procedure for securing a new award of damages. If the legislature had intended to open the door wider it undoubtedly would have so provided. The invoking of the canon of statutory interpretation, *"expressio unius est exclusio alterius"* (the expression of one thing excludes the other), seems warranted here in arriving at legislative intent.

It is, therefore, our considered judgment that the respondent landowners by accepting payment of the award estopped themselves from later raising any issue as to the validity of the taking, or as to any failure of the condemnors to follow statutory procedures.

There is nothing in our prior holdings in *Kultgen v. Mueller* (1958), 3 Wis. (2d) 346, 88 N. W. (2d) 687, and *Harlfinger v. Mueller* (1958), 3 Wis. (2d) 351, 88 N. W. (2d) 690, which in any way conflicts with our determination that the respondent landowners are estopped in the appeal proceeding pending in circuit court to raise any issue relating to the validity of the taking or failure to follow statutory procedures. The opinions in the *Kultgen* and *Harlfinger Cases* make no mention of whether or not the landowners in those cases accepted payment of the original award tendered by the condemnors. However, an examination of the appendices of the printed briefs discloses affirmatively that such landowners did not accept payment of the award. Therefore, there was no element of estoppel to be considered in those cases.

Our determination of the issue of estoppel makes it unnecessary for us to pass upon the other issues raised by the parties. However, we note that both Minnesota and North Carolina have construed language in their highway-condemnation statutes, which is similar to that found in sec. 84.09 (1), Wis. Stats., as including the power to acquire highway-

access rights by condemnation. *Burnquist v. Cook* (1945), 220 Minn. 48, 19 N. W. (2d) 394, and *Hedrick v. Graham* (1957), 245 N. C. 249, 96 S. E. (2d) 129.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion.