McCook Livestock Exchange Company, a corporation,
appellant, v. State of Nebraska, Department
of Roads, appellee.
115 N. W. 2d 147

Filed May 11, 1962. No. 35158.

*Charles M. Bosley* and *Robert C. Bosley,* for appellant.

*Clarence A. H. Meyer,* Attorney General, *Harold S. Salter,* and *James F. Petersen,* for appellee.

Heard before Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Brower, J.

This is an action of eminent domain brought by the State of Nebraska, Department of Roads, as condemner, in the county court of Frontier County, Nebraska, to condemn certain real estate belonging to the appellant and condemnee in that county for a highway.

The condemner filed its petition in the county court of said county on February 18, 1961. Thereafter appraisers, on March 10, 1961, regularly made return of their appraisal of the damages to the condemnee for the taking of its property in the sum of $1,730. On April 5, 1961, the condemnee herein filed notice of appeal to the district court of said county, together with the necessary bond for that purpose.

The transcript of the proceedings in the county court was filed in the district court on April 10, 1961, and the petition on appeal on April 5, 1961. The condemner filed answer on July 14, 1961. After issues were joined on August 8, 1961, the condemner filed a motion to dismiss the appeal because the condemnee had ratified the award of the appraisers by acceptance of the full amount of the award from which it had appealed.

Thereafter, on September 7, 1961, the district court sustained the motion and dismissed the appeal. The condemnee thereupon made a motion to vacate the judgment and order of dismissal or in the alternative to grant a new trial. From an order overruling this motion the plaintiff and condemnee has brought the matter to this court on appeal.

The facts, so far as are essential for our review of this matter, show that while the appeal was pending in district court the parties through their respective counsel, under date of July 8, 1961, entered into a written stipulation to release to the condemnee $1,350, being somewhat less than the 80 percent authorized to be released under section 76-719.01, R. S. Supp., 1959. The stipulation with an order prepared for the county judge to sign authorizing the release of that sum was forwarded to the county judge of Frontier County, Nebraska, to be filed in the county court. Meanwhile, on or about April 10, 1961, an envelope, unaccompanied by a letter, was received by the accountant of the condemnee whose duties included receiving and depositing funds of the company. It contained the check of the county judge of

Frontier County, dated March 31, 1961, for $1,730, the full amount of the award and was marked "For Condemnation." It was deposited by the accountant to the credit of the condemnee in the McCook National Bank on April 10, 1961, in the usual manner. He was accustomed to receive advance payments on condemnation suits of companies whom he represented as accountant. In this case he testified he thought the payment was for 80 percent of the condemnation money. The auditor had no communication with the county judge concerning this condemnation proceeding and he deposited the money without saying anything to the other representative of the condemnee at the time he received it. The condemnee's vice president knew of the condemnation proceeding and of the award of the appraisers, and was handling the matter for it. He testified he discovered the payment at a court session at Stockville in August but later said he knew of the payment having been made within 2 or 3 weeks of its receipt. Shortly after the receipt of the stipulation for the withdrawal of the $1,350, the county judge, on July 11, 1961, notified the condemnee's attorneys by letter that the condemnee had accepted the check for $1,730, and that perhaps he should have waited until after the appeal had been decided but he was unfamiliar with the procedure. Apparently this was the first information its attorneys had that the condemnee had accepted the full amount of the award. The record fails to show that the condemnee has at any time returned or tendered back any part of the money received from the county judge.

The errors assigned by the condemnee are that the court erred in dismissing the appeal and refusing to grant a new trial because the amount received by it from the county judge was sent and accepted under mistake without condemnee's request, demand, or wishes; and that condemnee never intended to abandon its appeal or to agree to the amount of the award of the appraisers.

This court has repeatedly held that a party who, after

appealing from a judgment in his favor, voluntarily accepts the benefits or receives the advantage of the judgment is thereby precluded from afterward prosecuting his appeal. Harte v. Castetter, 38 Neb. 571, 57 N. W. 381; Thurston v. Travelers Insurance Co., 128 Neb. 141, 258 N. W. 66; State ex rel. Heintze v. County of Adams, 162 Neb. 127, 75 N. W. 2d 539.

In the case before us the condemnee gave notice of appeal to the district court on April 5, 1961. Under section 76-719.01, R. S. Supp., 1959, under stipulation of the parties, the county judge may order not to exceed 80 percent of the money deposited by the condemner in county court to be paid to the condemnee. Such a stipulation, in this case providing for the withdrawal of $1,350, was entered into on July 8, 1961. Meantime, however, the condemnee had actually received the full amount of the award on April 10, 1961.

Condemnee contends that the check for $1,730 was received by its auditor and cashed due to a mistake and that the auditor knew nothing of the details of the condemnation proceeding, and cashed the check, believing it was the 80 percent the condemnee was entitled to withdraw. A review of the evidence seems to substantiate this contention. However, the vice president in charge of the litigation knew of the whole situation, at least in August 1961, and apparently knew of a payment having been made within 2 or 3 weeks of its receipt, and long before the signing of the stipulation for withdrawal. The county judge had informed the condemnee's attorneys of the true situation by letter under date of July 11, 1961. Condemner's motion to dismiss the appeal was filed in the district court on August 8, 1961. The hearing on the motion to dismiss in the district court was had September 7, 1961. The motion for new trial was heard and overruled on September 25, 1961. The record fails to show any attempt at any time by the condemnee or its attorneys to pay or tender back the excess of the money received by it over the stipulated

amount of $1,350 authorized to be withdrawn.

" 'The unauthorized acts of an officer of a corporation may be ratified by the corporation by conduct implying approval and adoption of the act in question. Such ratification may be express, or may be inferred from silence and inaction, and if the corporation, after having full knowledge of the unauthorized act, does not disavow the agency and disaffirm the transaction within a reasonable time, it will be deemed to have ratified it.' " Drainage District v. Dawson County Irrigation Co., 140 Neb. 866, 2 N. W. 2d 321.

The condemnee with complete knowledge of the situation has taken and kept the full amount of the award in county court and has persisted in prosecuting its appeal to the district court and thereafter to this court without in any way offering to correct the alleged mistake of payment. Where in a condemnation suit a condemnee receives the full amount of an award made to it in county court by reason of a mistake in the payment, both on the part of the county judge and the condemnee's agent, and fails to pay or tender back the portion of the payment which exceeds that to which it was entitled with reasonable promptness after the discovery of the mistake, its appeal to the district court should be dismissed.

The judgment of the district court in dismissing the condemnee's appeal was right and should be affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.