ROY C. DUFFEY ET AL., APPELLANTS, v. SCHOOL DISTRICT NUMBER ONE OF WASHINGTON COUNTY, NEBRASKA, APPELLEE.

265 N. W. 2d 212

Filed April 26, 1978. No. 41445.

Gregory P. Drew, for appellants.

John R. O'Hanlon, for appellee.

Heard before WHITE, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and HENDRIX, District Judge.

HENDRIX, District Judge.

This is an action by the plaintiffs, Roy C. Duffey and Judy R. Duffey, against the defendant, School District Number One of Washington County, Nebraska. Plaintiffs seek a declaratory judgment that an eminent domain proceeding was ineffective, and further seek an injunction forbidding defendant from exercising the rights of ownership over the property involved in the proceeding. The District Court entered judgment for the defendant, and the plaintiffs have appealed.

The essential facts are not in dispute. The defendant's Board of Education (hereinafter referred to as the school board) discussed the acquisition of plaintiff's real estate for use as the site for a proposed new school. It then determined that it would proceed with the acquisition. At its regularly scheduled meeting of July 8, 1974, the school board passed a resolution providing that if certain parcels of real estate, including the parcel involved herein, could not be acquired at an acceptable price prior to July 22, 1974, eminent domain proceedings should be instituted to acquire the parcels.

Published notice of meetings to discuss the property were only given by news articles in local area newspapers. The school board, being unable to negotiate a purchase of certain parcels, including the parcel of the plaintiffs, filed a condemnation petition in the county court of Washington County on January 14, 1975. The plaintiffs were personally served with the notice to condemnees and an order continuing the meeting of the board of appraisers until March 19, 1975. The board of appraisers met according to the order, inspected the property, and received evidence relative to the amount of damages sustained. The plaintiff, Roy C. Duffey, was present at the meeting and at the appraisal. The board of appraisers made its awards on April 14, 1975, including an award of $45,330.30 for the plaintiffs. Plaintiffs' award was paid into the county court by the school board. The county court, after the statutory time for appeal had expired, remitted the award to the plaintiffs, who accepted it without appeal or protest. On September 13, 1976, the present action was filed, and on January 27, 1977, the award was tendered back to the District Court by the plaintiffs.

The defendant did not fully comply with section 79-4,114, R. R. S. 1943, which contains the general grant of eminent domain power to the school district and then provides, in part: "A public hearing shall be

held on the question of such taking. Notice of such public hearing shall be given once each week for three successive weeks prior thereto in a legal newspaper published in or of general circulation in the county. Such notice shall include the purpose and location of the hearing." However, the county court of Washington County was the proper forum, the property was correctly designated, and the plaintiffs were personally served. The omission causes a defect in the proceedings.

The plaintiffs received and accepted the award. They did not tender back the proceeds for nearly 2 years after the award was made. They cannot by collateral attack set aside the taking. The general rule of law is repeated in the case of Swan Boulevard Development Corp. v. Cybulski, 14 Wis. 2d 169, 109 N. W. 2d 671 (1961), which refers to 6 Nichols, Eminent Domain (3d Ed.), § 28-321 (2), p. 419, and Beer v. Ozaukee County Highway Comm., 9 Wis. 2d 346, 101 N. W. 2d 89 (1960), and states, ". . . an owner of land taken by virtue of eminent-domain proceedings, who has accepted and been paid the award of damages, cannot afterward contest the validity of the taking, either directly or collaterally, or seek to recover or retain possession of his land, no matter how fundamental the defect in the proceedings may be." The rationale for the holding is that of estoppel, for having accepted the proceeds of the condemnation, the plaintiffs are now estopped from denying the facts upon which the condemnation proceeded. See, 27 Am. Jur. 2d, Eminent Domain, § 494, p. 444; Lane v. Burt County Rural P. P. Dist., 163 Neb. 1, 77 N. W. 2d 773 (1956).

The finality of an award of damages in eminent domain proceedings, in the absence of an appeal or upon acceptance of the award, has been established by this court. In Snyder v. Platte Valley P. P. & Irr. Dist., 140 Neb. 897, 2 N. W. 2d 327 (1942), this court held that a final award in condemnation proceedings

was conclusive upon the parties within the issues joined although not formally litigated. In Gruntorad v. Hughes Bros., Inc., 161 Neb. 358, 73 N. W. 2d 700 (1955), this court held that a landowner who fails to appeal from the award of appraisers in a condemnation proceeding is conclusively bound by it. In McCook Livestock Exchange Co. v. State Department of Roads, 173 Neb. 766, 115 N. W. 2d 147 (1962), this court held that a condemnee receiving the benefits of an award of appraisers by mistake, and failing to pay or tender back the amount with reasonable promptness, is precluded from an appeal.

We therefore find that the plaintiffs herein are precluded from bringing this action by virtue of their receipt and acceptance of the proceeds. The judgment of the District Court is, therefore, affirmed.

AFFIRMED.